RICHARD J. DONOVAN, Respondent, v. WILLIAM R. WEED et al., Appellants.

REAL ESTATE BROKERS — COMMISSIONS.    Where it appears, in an action brought to recover commissions for services as a broker in effecting the sale of land, that, several months after the authority of the broker had been revoked by the owners for his failure to procure a purchaser, the owners sold the land to one with whom he had negotiated but had failed to make a sale, it is error to submit the case to the jury to determine whether the plaintiff was the efficient cause in procuring the sale, and upon defendants' request to charge "that the defendants had the right to terminate his employment at any time if the plaintiff did not within a reasonable time procure a purchaser for the property," for the trial judge to reply, "I have already charged that, and I charge it again; but that does not prevent him from being entitled to the fruits of the seed he had already sown:" since in such a case to entitle a broker to commissions, he must procure a purchaser during the term of his employment.

*Donovan* v. *Weed*, 86 App. Div. 630, reversed.

(Argued May 1, 1905; decided May 30, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered August 3, 1903, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Theodore H. Swift* for appellants. The court erred in refusing to charge that the defendants had the right to ter-

minate the employment of the plaintiff at any time if the plaintiff did not within a reasonable time procure a purchaser of the property. (*Gerding* v. *Haskins*, 141 N. Y. 519; *Hay* v. *Platt*, 66 Hun, 488; *Wylie* v. *M. Nat. Co.*, 61 N. Y. 415; *Baker* v. *Thomas*, 12 Misc. Rep. 432; *Ware* v. *Dos Passos*, 4 App. Div. 32.)

*Albert A. Wray, Parker K. Deane* and *Stephen Callaghan* for respondent. The charge fully and fairly submitted all questions to the jury and correctly instructed them in regard to the law applicable to all questions involved, and the exceptions thereto present no reversible error. (*Lloyd* v. *Matthews*, 51 N. Y. 124; *Sussdorf* v. *Schmidt*, 55 N. Y. 319; *O'Toole* v. *Tucker*, 16 Misc. Rep. 485; *Palmer* v. *Durand*, 62 App. Div. 467; *Carroll* v. *Pettit*, 67 Hun, 418; *Doran* v. *Bussard*, 18 App. Div. 36; *Atwater* v. *Wilson*, 13 Misc. Rep. 117; *Buehler* v. *Wiffenbach*, 21 Misc. Rep. 30; *Hobbs* v. *Edgar*, 23 Misc. Rep. 618.)

CULLEN, Ch. J.  The action was brought to recover commissions for services as a broker in effecting the sale of a tract of wild lands in St. Lawrence county. The answer put in issue all the allegations of the complaint except the defendants' ownership and the sale of the lands mentioned therein. As the affirmance below was unanimous, the only exceptions which can be reviewed by this court are those taken on rulings of evidence and on the charge. It is, therefore, unnecessary to refer to the details of the evidence given to support the contentions of the parties, except so far as to present the rulings of the trial court.

In January, 1899, the defendants gave the plaintiff an option for the sale of the land at a specified price, they agreeing to pay him ten per cent commission in case the option was exercised by himself or by any person he might obtain. On August 31st, 1900, the defendants gave the plaintiff another agreement by which they promised to pay him one dollar an acre commission if he should bring about the sale of their land

at nine dollars per acre, the option to continue for thirty days. The plaintiff, on September 26th, telegraphed the defendants for an extension of the option, which the latter refused. On September 29th the plaintiff sent to the defendants an acceptance of the option by one John J. Conklin, who it was admitted was an irresponsible party whom the plaintiff had induced to accept the option, so as thereby to get an extension of time. On December 27th the defendants wrote to the plaintiff stating that Conklin had failed to carry out the option, and that in consequence thereof they (the defendants) withdrew the same and terminated the relation with the plaintiff as agent for the sale of the land. During the period covered by these transactions the plaintiff endeavored to effect a sale of the lands to A. A. Low, the owner of an adjacent tract, but no sale was made. In the February following the defendants sold the lands to Mr. Low, as they claimed, through the agency of another person. The learned trial court submitted the case to the jury to determine whether the plaintiff was the efficient cause in procuring the sale, and in that connection charged the following: " He (plaintiff) had gone to the Adirondacks at that time in reference to this property. They revoked his authority. They had a right to revoke it at any time they saw fit. A man's authority to a broker to sell his property, or to find him a purchaser, is revocable at any time, absolutely revocable. But if the broker has already planted the seed, which afterwards grows, and they take the fruits of it, he is entitled to a commission, not because they could not revoke the authority, but because the question is whether what he has already done, whether the crop he has already sown, comes up and ripens. If it does, then he is entitled to his commission. It is exactly the counterpart of the sowing of the seed, which may not mature for months, but if it does mature, although it matures after the authority to act as a broker has been revoked, the broker is entitled to his commission. * * * It is for you to say whether this sale was the result, in that sense, of Mr. Donovan's negotiations with Mr. Low." At the conclusion of the charge counsel for the

defendants asked the court to instruct the jury " that the defendants had the right to terminate his employment at any time if the plaintiff did not, within a reasonable time, procure a purchaser of the property." To this the court responded: " I have already charged that and I charge it again. But that does not prevent him from being entitled to the fruits of the seed he had already sown." To this the defendants duly excepted.

The materiality of these instructions of the court and their vital character is apparent. They constituted the theory on which the jury either did award or might have awarded the verdict in favor of the plaintiff. We think they were essentially erroneous. The duties, obligations and rights of brokers were most fully defined by this court in the case of *Sibbald* v. *Bethlehem Iron Co.* (83 N. Y. 378). The authority of that case has never been impaired or limited. It was there held that where the broker has been allowed a reasonable time to procure a purchaser and effect a sale, and has failed so to do, and the principal in good faith has terminated the agency, and subsequently a sale is consummated, the fact that the purchaser is one whom the broker introduced and that the sale was in some degree aided by his previous efforts does not give him a right to commission. In other words, the law as settled by that case is that to entitle a broker to commission he must procure a purchaser during the term of his employment; that where no definite time is fixed the broker has a reasonable time in which to effect the sale; but that after the lapse of a reasonable time the principal may terminate his authority and relieve himself from liability unless such action is taken in bad faith for the purpose of depriving the broker of the fruits of his labor at the time such labor was about to prove effectual. The portion of the charge quoted shows that the learned trial judge entertained a view of the right of the broker to compensation in direct conflict with this rule and so instructed the jury. Even the analogy that he suggested to the jury is in direct opposition to that announced by Judge FINCH in the *Sibbald* case. The trial judge said: " If the broker has

already planted the seed, which afterwards grows, and they take the fruits of it, he is entitled to a commission, not because they could not revoke the authority, but because the question is whether what he has already done, whether the crop he has already sown, comes up and ripens." Judge FINCH, however, wrote: "And in such event it matters not that after his (the broker's) failure, and the termination of his agency, what he has done proves of use and benefit to the principal. In a multitude of cases that must necessarily result. He may have introduced to each other parties who otherwise would have never met; he may have created impressions which, under later and more favorable circumstances, naturally lead to and materially assist in the consummation of a sale; he may have planted the very seeds from which others reap the harvest; but all that gives him no claim." Therefore, the request to charge made by the defendants was correct, and the trial court erred in qualifying that request by the instruction that such revocation did not prevent the broker (the plaintiff) from being entitled to the fruits of the seed he had already sown.

The judgments appealed from should be reversed and a new trial granted, costs to abide the event.

GRAY, O'BRIEN, BARTLETT, VANN and WERNER, JJ., concur; HAIGHT, J., dissents.

Judgments reversed, etc.