(112 App. Div. 336)

### HAASE et al. v. SCHNEIDER.

(Supreme Court, Appellate Division, Second Department.　April 27, 1906.)

BROKERS—COMMISSIONS—FAILURE OF NEGOTIATIONS.

 In the absence of a special contract, a broker was not entitled to commissions on merely bringing a purchaser who was ready, willing, and able to pay the price demanded, where no sale was consummated because of a disagreement as to when the transfer should take place.

 [Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Brokers, §§ 75–81, 91–97.]

 Hirschberg, P. J., dissenting.

Appeal from Municipal Court.

Action by Benjamin Haase and another against Heinrich Schneider. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and GAYNOR, JJ.

Louis J. Halbert, Jr., for appellant.
Isidor Buxbaum, for respondents.

WOODWARD, J.　This is an action to recover certain commissions alleged to be due to the plaintiffs for services in negotiating the sale of certain real estate.　In Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 38 Am. Rep. 441, it was laid down as the fundamental and correct doctrine "that the duty assumed by the broker is to bring the minds of the buyer and seller to an agreement for a sale, and the price and terms on which it is to be made, and until that is done his right to commissions does not accrue," and the authority of this case, or the correctness of the rule deduced, has never been questioned.　Donovan v. Weed, 182 N. Y. 43, 46, 74 N. E. 563.　In the case now before us it is conceded that the plaintiffs did not bring the vendor and purchaser to an agreement as to terms, and yet the plaintiffs have a judgment for the full amount of their claim.　What was done was to bring a purchaser, who, we may assume, was ready, willing, and able to pay the price demanded by the defendant, and it was proper to find from the evidence that the parties did reach an agreement as to the price. When, however, it came to drawing the contract, there was a disagreement between the parties as to the time when the transfer should take place, as well as to other matters of detail; the defendant demanding that the title should be closed within a period of about 11 days, and the purchasers insisting upon having 30 days in which to close the transaction, and, to support the plaintiffs' contention that they were entitled to commissions under this state of facts, they were permitted to show an alleged custom in relation to the time of taking title, where no time had been agreed upon between the parties.

It is doubtful if the defendant's objection to the form of the question raises any question for review here, but we are clearly of opinion that, even though there was such a custom, it could not give the plaintiffs any rights in this action.　In order that the plaintiffs might recover in this action it was necessary for them to show that the parties actually

reached an agreement as to the terms and conditions of the sale, and this they have failed to do, because it appears that the parties never agreed to the conditions which the defendant named, and which he had a perfect right to insist upon. It might be that, if at the time of the employment of the plaintiffs it was agreed that the commissions should be earned when the latter had produced a party ready, willing, and able to pay the price named by the defendant at that time, the defendant could not, by imposing other conditions, defeat their right to commissions; but it nowhere appears that any contract of employment, other than the customary and legal contract of brokerage, was ever entered into, or that the defendant named any terms which the plaintiffs were at liberty to propose to purchasers which would bind the defendant further than as to the price. But, as we have seen, something more is required to earn commissions; the parties must be brought to an agreement, not alone as to the price, but as to the terms of exchange, the time of taking title, and all the incidents of the transaction. The minds of the parties must meet in a contract, the details of which are worked out and understood between them, and, because the plaintiffs have failed to show such a consummation of their labors, the judgment appealed from must be reversed.

The judgment should be reversed, and a new trial ordered.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur, except HIRSCHBERG, P. J., who dissents.