(56 Misc. Rep. 480.)

### HESS v. BLOCH.

(Supreme Court, Appellate Term. November 29, 1907.)

BROKERS—RIGHT TO COMMISSIONS—MEETING OF MINDS.

Where a purchaser for defendant's land, procured by plaintiff, refused to enter into an enforceable contract because defendant would not warrant the title to a portion of the premises covering the bed of an old street, defendant offering to quitclaim as to that portion or sell subject to a possible paramount title, there was no meeting of minds between defendant and the proposed purchaser, so that plaintiff could not recover

commissions, notwithstanding the existence of a custom to require a warranty deed where the character of the conveyance is not mentioned.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 73.]

Gildersleeve, P. J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Jeffrey Hess against Abraham Bloch. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Louis J. Hamel, for appellant.

Joel Liberman, for respondent.

PER CURIAM. The plaintiff recovered a judgment for commissions in effecting the sale of real property under a written authorization from the defendant reading as follows:

"January 17, 1907.

"I hereby authorize Schwitzer & Levis to offer for sale No. 1409 Amsterdam Ave., borough of Manhattan, city of New York, on lot 25x98, for $28,750, subject to 1st Mtge. $17,000, @ 5%, due Feb. 1st, 1908. 2d Mtge. $4,000, to be paid off, if possible, and new 2d Mtge. to be taken by me for $7,000, @ 6%, for four years' standing. Said house to be delivered free of all violations of tenement house department, city of New York, and all other departments. This price and terms to hold good for six days from date. If Schwitzer & Levis sell the house, they are entitled to commission. If they don't sell, they are not entitled to anything.　　　　　　　A. Bloch."

The plaintiff procured a purchaser whose acceptability seems to be unchallenged, but who refused to enter into an enforceable contract, because the defendant would not warrant the title to a certain portion of the premises covering the bed of an old street. The defendant was willing to quitclaim as to this portion, or sell subject to a possible paramount title. The character of the deed could not be agreed upon, and the parties separated without further negotiations. The plaintiff was permitted to introduce evidence of a custom that, where the character of the instrument of conveyance of title is not mentioned, a deed of warranty shall be delivered. It is clear that the minds of the defendant and proposed purchaser never met. They never reached any definite agreement as to the conditions and details of the sale. Therefore the plaintiff cannot be said to have earned a commission. And, even if the custom contended for by the plaintiff did exist, it could not avail him in view of the legal principles which must control his right to recover. Hasse v. Schneider, 112 App. Div. 337, 98 N. Y. Supp. 587.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J. I dissent. The judgment should be affirmed, on the opinion of the court below.