(56 Misc. Rep. 482.)

## GOODMAN v. HESS.

(Supreme Court, Appellate Term. November 29, 1907.)

BROKERS—RIGHT TO COMMISSIONS.

Where defendant authorized plaintiff to sell real estate, agreeing to pay a commission, and in the printed form above the authorization set out particulars of the property, the selling price as $52,000, and the annual rentals as $5,325, and plaintiff procured a purchaser ready, able, and willing to buy on defendant's terms, the price being reduced to $49,500, and the customer was accepted, and the sale fell through only because defendant had misrepresented the amount of annual rent, plaintiff was entitled to commissions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 94–96.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Tobias Goodman against Moses Hess. From a judgment dismissing the complaint, with costs, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Otto J. Kalt, for appellant.
Charles Stein, for respondent.

ERLANGER, J. After plaintiff submitted all his proof in support of his claim for brokerage commissions, his complaint was dismissed upon "the ground that no cause of action has been made out." It is well settled that upon such a dismissal plaintiff is entitled "to the most

favorable inferences deducible from the evidence." Plaintiff's authority to sell is in the following language:

"I hereby authorize you to sell the above property for me and agree to pay you the usual commission."

This paper was signed by defendant's brother, whose acts were fully ratified by the defendant. Above the authorization was a printed form containing the name of the plaintiff, the particulars of the property, the purchase price at $52,000, and that the annual rental was $5,325. The proof shows plaintiff's employment; the rendition of his services at the defendant's request; that he procured a purchaser ready, able, and willing to buy on defendant's terms; that the purchaser was accepted; that the sale fell through because of defendant's misrepresentation as to the rental value of his property, the rent being $264 less than stated in the authorization to sell; and that the services were reasonably worth $495. More than this he was not required to prove. It appears that, although the original purchase price was fixed at $52,000, the defendant subsequently agreed to sell for $49,500, and to take in exchange as part payment a piece of property owned by the purchaser and valued at $14,000, and the remainder, over and above the mortgages, in cash. Not only were the terms accepted, but the defendant caused contracts in duplicate to be prepared based on such terms.

The contention of defendant that plaintiff could only recover by producing a purchaser willing to buy at $52,000 is without merit. Southwich v. Swavienski, 114 App. Div. 681, 99 N. Y. Supp. 1079. The refusal of the purchaser to complete because of defendant's misrepresentations as to the rental value cannot defeat the claim for commissions. Seidman v. Rauner, 51 Misc. Rep. 10, 99 N. Y. Supp. 862; Putter v. Berger, 95 App. Div. 62, 88 N. Y. Supp. 462. Defendant cannot urge his own wrong, and thus deprive the broker of the commissions earned by him. But for his misrepresentation as to the rental, the contract of sale would have been signed. The plaintiff abundantly established that he produced a purchaser ready, willing, and able to buy, and, instead of dismissing the complaint, judgment should have been awarded to him.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.