(122 App. Div. 437.)

### HODGE v. APPELLES.

(Supreme Court, Appellate Division, Second Department. November 29, 1907.)

1. BROKERS—SALES AFFECTED BY OWNER—COMMISSIONS—LIABILITY.

A real estate broker is not entitled to commissions for procuring a purchaser, where the owner sold the premises before the broker produced his customer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 85–89.]

2. SAME.

In an action to recover commissions as real estate broker, *held*, that the owner was not liable; there being insufficient evidence of employment, and no evidence that plaintiff brought the owner and the customer to an agreement.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 116–120.]

Appeal from Trial Term.

Action by William J. Hodge against Augustus L. Appelles. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Jacob Gordon, for appellant.
Henry A. Blumenthal, for respondent.

WOODWARD, J. The action is brought upon an assigned claim to recover brokerage commissions in the sum of $420. The plaintiff alleges that in the month of December, 1905, one Julius Weiss, a real estate broker, hearing that the property No. 341 East Sixth street, in the borough of Manhattan, city of New York, was for sale for the sum of $42,000, saw a certain Mr. Popper, told him of the house, and took him to see it; that the aforesaid Weiss then went to the office of the defendant, told him he was a broker, and asked him concerning the property, which the defendant offered to sell for $42,000, $8,-000 to be in cash; that the defendant agreed to wait for the said Weiss while he went for a prospective purchaser; that he saw his client, Mr. Popper, who went back with him to the defendant's office; and that he was then told by the defendant that they were "too late, the house is sold." According to the testimony of Weiss, Popper thereupon of-

fered $500 more for the property, which offer Weiss communicated to the defendant, who said:

"See me to-morrow. * * * I will try to back out. * * * We will try to arrange the deal to-morrow."

This conversation the defendant denies. A few days afterwards the defendant told Weiss that the house was sold, and that Popper had bought it through another broker. Weiss thereupon claimed his commission, which the defendant refused to pay him. The defendant's answer is a general denial, but the specific fact that the premises were sold to Popper for $42,000 about three hours after Weiss had brought Popper to the defendant's office is undisputed.

It was shown that several other brokers had listed this property for sale, and that one of these, Hornsteen, had, while Weiss went after his man, wired the defendant that he had a purchaser, who afterwards proved to be Popper. And since the defendant told Weiss, when later he appeared with his customer, that the house had been sold, and since, also, there is no evidence of bad faith on the part of the defendant, who seems to have had no knowledge that Popper, the purchaser, was the self-same customer of the two competing brokers, I fail to see how the defendant can be held liable to the plaintiff for his commission. As Hornsteen, the broker who consummated the sale, testified that he had been paid, it would be manifestly unjust to compel the defendant to pay twice for the same service. As was said in Ettinghoff v. Horowitz, 115 App. Div. 571, 100 N. Y. Supp. 1002, the owner "may sell the premises at any time and to any customer who is willing to buy upon his terms, and commissions may not be collected for customers produced after the premises have been sold."

Furthermore, as there is here no evidence of employment, nor that the plaintiff's assignor, Weiss, brought the defendant and his customer, Popper, to an agreement, the verdict is plainly erroneous and should not stand. In Haase v. Schneider, 112 App. Div. 336, 98 N. Y. Supp. 587, the court, referring to the right of the broker to commissions, said that the parties must first be "brought to an agreement, not alone as to the price, but as to terms of exchange, the time of taking title, and all the incidents of the transaction. The minds of the parties must meet in a contract, the details of which are worked out and understood between them." Similar to the above is the case at bar, and, as the plaintiff failed to consummate an agreement between the parties, he has no right to the commission.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur, except HIRSCHBERG, P. J., not voting.