PEACE et al. v. ROSS.

(Supreme Court, Appellate Division, Second Department.   January 10, 1908.)

1. BROKERS—CONTRACT OF EMPLOYMENT—EVIDENCE.
> Evidence examined, and *held* not to show a contract of employment be-
> tween a real estate broker and a property owner.
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 9.]

2. SAME—RIGHT TO COMMISSIONS.
> A real estate broker cannot recover commissions for finding a purchaser,
> unless he brings the minds of the owner and prospective purchaser to an
> agreement upon a sale, the price and terms thereof, time of taking title,
> and all the details incident to the sale.
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 65–
> 74.]

Appeal from Municipal Court, Borough of Brooklyn, Second Dis-
trict.

Action by Ahi Peace and another, copartners, against Dorothea
Ross.   Judgment for plaintiffs, and defendant appeals.   Reversed, and
new trial ordered.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and
MILLER, JJ.

A. Berton Reed, for appellant.
Whitmel H. Smith, for respondents.

RICH, J.   The plaintiffs have recovered a judgment in this action,
representing broker's commissions, arising from the alleged sale of
real property owned by the defendant.   The record discloses the fol-
lowing facts upon which the judgment rests:

The defendant owned premises known as "No. 540 Carleton Ave-
nue," Brooklyn.   The plaintiffs are real estate brokers, having in their
employ a man whose special business it is to solicit for his employers
the placing of real estate in their hands for sale and renting.   This
employé called upon the defendant and inquired if her house was for
sale.   He testifies that he did not think she was particularly anxious to
put her place on the market, but that she finally said she would sell it
for $10,000, and the witness says:

"I took out and made my memorandum in the usual course and reported it
to the office."

A short time afterward a Mrs. Thier called at plaintiffs' office in
search of a residence property, and one of their employés called the
defendant on the telephone and procured her consent to Mrs. Thier's
inspection of the property.   She went to the house, and the defend-
ant conducted her through the house and told her that its price was
$10,000, but that she would have to confer with her husband before
she sold it.   Mrs. Thier asked if she might bring her husband to look
at the property the next day, and the defendant consented.   Upon her
second visit Mrs. Thier stated to the defendant that she was pleased
with the property and would pay $10,000 for it, and defendant again
informed her that she would have to confer with her husband before
selling, as "she couldn't sell it without consulting her husband"; that

she would require a week in which to talk the matter over with him, and it was agreed that she should then let Mrs. Thier know her conclusion. About a week afterward the defendant wrote Mrs. Thier that her husband would not consent to the sale.

This evidence did not establish a cause of action in favor of the plaintiffs, nor warrant the rendition of a judgment in their favor. Plaintiffs failed to establish a contract of employment by defendant, or any agreement, express or implied, to compensate them for their services. No ratification of plaintiffs' acts in attempting to sell, sufficient to obligate the defendant, can be predicated upon her assent to plaintiffs' request that Mrs. Thier be permitted to inspect the property; and, again, no sale was made by the plaintiffs. No agreement was reached by the defendant and Mrs. Thier, except as to the price that should be paid if the property was sold. The prospective purchaser was informed on her first visit that the defendant would not sell unless her husband consented, and nothing further was done. The plaintiffs were not entitled to recover without proof that the parties to the proposed sale reached an agreement, not only as to the price, but as to the terms of payment, the time of taking title, and all the details incident to such sale. The rule established by the Court of Appeals in Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 38 Am. Rep. 441, that "the duty assumed by the broker is to bring the minds of the buyer and seller to an agreement for a sale, and the price and terms on which it is to be made, and until that is done his right to commissions does not accrue," cannot be questioned.

This branch of the case presents substantially the same facts that were before this court in Haase v. Schneider, 112 App. Div. 336, 98 N. Y. Supp. 587. The rule there enunciated controls the disposition of the case at bar, and the judgment must be reversed, and a new trial ordered; costs to abide the event.

WOODWARD, JENKS, and GAYNOR, JJ., concur. MILLER, J., concurs, on the ground that the plaintiffs failed to prove any contract of employment, either express or implied.