BEHRMANN v. MARCUS.

(Supreme Court, Appellate Term. June 30, 1908.)

BROKERS—ACTIONS FOR COMMISSION—EVIDENCE—SUFFICIENCY.
 Where defendant, a broker, agreed to give plaintiff, another broker, a certain commission if he found a buyer for property on which defendant had an option, and plaintiff found a prospective buyer, who entered into negotiations with defendant and the owners, but never agreed on terms, plaintiff did not earn the commission.
 [Ed. Note.—For cases in point, see Cent. Dig. vol. 8. Brokers, §§ 65–96.]

Appeal from Municipal Court, Borough of the Bronx, First District.

Action by John H. Behrmann against Samuel Marcus. From a judgment·for plaintiff, defendant appeals. Reversed, and new trial ordered.

See 107 N. Y. Supp. 12.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Fischer & Rosenbaum, for appellant.
Willoughby B. Dobbs, for respondent.

PER CURIAM. Both parties were brokers. On the morning of December, 13, 1905, as the plaintiff says, the defendant told him he had an option on the southeast corner of 228th street and White Plains avenue, and that he would take $9,250 for the property, with a mortgage of $5,000 against it, and give the plaintiff $150 commission if he found him a buyer. Both parties, the plaintiff taking with him his customer, one Houlihan, who brought along Mr. O'Hara, his lawyer, repaired to the office of the owners, who took them to their attorney, at whose office much time was occupied with preliminaries respecting down payments, time of passing title, and other things, until a proposed contract of purchase and sale was drawn by the owners' attorney. This paper, when tendered, Mr. O'Hara refused to accept, making the specific objections that the contract did not specify how long the mortgage was to run, the rate of interest, the character of the deed, and whether the property was to be free and clear from incumbrances excepting the mortgage. Admitting all that is said, and it is much, about Houlihan's financial ability and his desire to buy the property, it is clear that his mind, as that of the proposed purchaser, and the minds of the proposed sellers, never met as to the conditions and details of the sale, and therefore the plaintiff never earned a commission for producing a purchaser ready, able, and willing to purchase on the seller's terms. Haase v. Schneider, 112 App. Div. 336, 98 N. Y. Supp. 587; Hess v. Bloch, 56 Misc. Rep. 480, 107 N. Y. Supp. 112. The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.