(80 Misc. Rep. 530.)

DAVIS et al. v. GOTTSCHALK et al.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

1. BROKERS (§ 48*)—COMMISSIONS—WHEN EARNED.

A broker, employed by an owner to procure an exchange of real estate, is not entitled to commissions, unless the parties reached an agreement of exchange, or unless he produced one able, ready, and willing to exchange on the terms specified by the owner; and to entitle a broker to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

compensation on a proposed exchange, he must show that after the terms of exchange had been agreed on the owner refused to carry them out.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 65; Dec. Dig. § 48.*]

2. BROKERS (§ 49*)—COMMISSIONS—WHEN EARNED.
Where a broker, employed by an owner to procure an exchange of real estate, procured a customer, who met the owner and his attorney to endeavor to enter into a contract for the exchange, and the parties agreed as to some of the terms, but disagreed as to others, and the negotiations terminated without a final agreement, the broker was not entitled to commissions.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 70–72; Dec. Dig. § 49.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Alvin G. Davis and another against Abraham Gottschalk and another. From a judgment for plaintiffs, defendants appeal. Reversed, and new trial ordered.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Fleischman & Fox, of New York City, for appellants.

Anthony J. Romagna, of New York City, for respondents.

GUY, J. [1] Plaintiffs have recovered a judgment for $325 for commissions alleged to have been earned by them in procuring a party who agreed to exchange certain real property for real property of the defendants. It is a rule so well known as to need the citation of no authority in its support that, in cases where property is to be exchanged, the right of the broker to commissions depends upon showing that the parties actually reached an agreement as to all the details of the proposed exchange, or that he produced a party who was able, ready, and willing to exchange on terms which defendant had stated to plaintiff would be satisfactory.

[2] In this case it is undisputed that, when the parties finally met to sign a contract, it was ascertained that the facts relative to the property offered in exchange for that of defendants had not been correctly stated to the defendants by the plaintiffs, and consequently there can be no claim, nor is there one made, that the plaintiffs had produced a party who was ready to exchange his property for that of the defendants upon the terms previously agreed upon. Owing to the general, and in some respects incorrect, statements made by the plaintiffs relative to the property proposed in exchange for the defendants, it necessitated entering into an extended discussion at the meeting aforesaid, and in detail as to all the terms and conditions upon which the exchange was to be made. There were present at this meeting, or during some portion of the time, the plaintiffs and the defendants, the attorney for the defendants, the person who proposed to exchange his property for that of the defendants, his attorney, and his broker. The conference opened at about 2 p. m., and continued until about 6:30 p. m. The property offered by the plaintiffs consisted of three houses in Coster street, borough of the Bronx, upon which there were first and second mortgages aggregating nearly $19,000, and the defendants' property consisted of No. 134 West 139th

street, this city, upon which there were two mortgages, one of $20,-000 and a second one of $3,000. Differences between the parties arose at nearly every stage of the negotiations, and when the meeting broke up several material and important terms had not even been reached, much less discussed. Practically all that had been accomplished was the dictation to a stenographer of a portion of a written contract.

The entire basis of the plaintiffs' claim is that, at one time during the discussion, all the terms and conditions respecting the exchange had been agreed upon, and that some minutes later the defendants' attorney injected a new condition, which was refused by the proposed purchaser. We have carefully examined the record of the testimony, consisting of 120 pages, and this claim is not well founded. The testimony shows that some of the terms were agreed upon after much discussion; others were not. The immediate difference between the parties, and the rock upon which it is evident the conference split, arose upon the question as to who was to go upon the bonds in connection with the proposed extension of the mortgages on the defendants' property; the attorney for the defendants insisting that the owner of the Coster street property should go upon these bonds, and his attorney refusing to permit him to do so. At this time no discussion had been had as to the forms of the deeds to be given by the respective parties, or the time for the final closing, and several other elements essential to the formation of a complete contract were lacking. The parties were represented by attorneys, who were in duty bound to protect the interests of their clients. The attorney for the defendants considered it his right, and it certainly was his duty, to advise his client at every step of the transaction, and it cannot be said that, when parties have met to endeavor to enter into a contract for the exchange of property, and have discussed various terms, agreed as to some, disagreed as to others, and failed to touch at all upon others, and the negotiations were terminated without a final agreement, the broker is entitled to his commissions.

In Peace v. Ross, 123 App. Div. 611, 108 N. Y. Supp. 48, the court said:

"The plaintiffs were not entitled to recover without proof that the parties to the proposed sale reached an agreement, not only as to the price, but as to the terms of payment, the time of taking title, and all the details incident to such sale."

To entitle a broker to compensation upon a proposed exchange of property, he must show that, after the terms of the exchange had been agreed upon, the client refused to carry them out. Woolley v. Lowenstein, 83 Hun, 155, 31 N. Y. Supp. 570. This does not mean that the client, having agreed upon some of the terms discussed, may not change his position regarding some element discussed during the conference, or introduce other terms essential to the making of a final contract at the risk of paying a broker's commission. The judgment should be reversed.

Judgment reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.