HENRY T. WHALEN, Plaintiff, *v.* OTTO M. BURKHARDT, Defendant.

Supreme Court, Westchester County, April 21, 1927.

**Brokers — real estate broker — action for commissions — evidence insufficient to establish broker procured purchaser ready, willing and able to buy on defendant's terms.**

Plaintiff, a real estate broker, is not entitled to recover commissions in procuring a purchaser for defendant's property, where the evidence fails to establish that plaintiff procured a purchaser who was ready, willing and able to buy on defendant's terms; producing a purchaser ready and willing to buy imports readiness, willingness and ability to buy upon the terms the seller proposes, and if the purchaser procured by the broker is not willing to buy upon those terms, then the broker's commission is not earned unless the seller either makes the sale upon new terms or at least agrees unconditionally to do so.

ACTION for broker's commissions.

*James Taylor Lewis,* for the plaintiff.

*David Gorfinkel,* for the defendant.

LYNCH, J. This is an action for broker's commissions amounting to $1,000. Plaintiff claims that defendant agreed to pay to him that amount in case he succeeded in procuring a purchaser for defendant's property situated on the Albany Post road in the borough of The Bronx, New York city, and that he (the plaintiff) did procure such a purchaser.

It is admitted in the pleadings that the defendant did, on July 16, 1926, list the property referred to with the plaintiff, who is a real estate broker with offices in Yonkers. It is alleged in the complaint and denied in the answer that the plaintiff procured a purchaser ready, able and willing to purchase the property in question at the purchase price of $21,000, the price fixed by the seller.

The evidence established without contradiction that defendant, at the time he listed the property at the plaintiff's agency, defined the terms on which he would sell to the extent that he fixed the price at $21,000, stating that he would take $2,000 in cash, and that the first mortgage on the property was $12,000, payable $840 yearly. So much appears from the listing card signed by the defendant.

From the fact that the cash payment might be but $2,000, and that the amount of the first mortgage was $12,000, it is a clear inference, and indeed the testimony shows, that a purchase-money mortgage for the remaining $7,000 was to be given. The amount of plaintiff's commission is also fixed by this card as $1,000.

It appears without dispute that plaintiff, subsequently to being thus authorized to procure a purchaser, did procure Mr. and Mrs.

Eisman and introduced them to the defendant. Negotiations followed between the defendant and these prospective purchasers. Plaintiff was present at some or all of the conferences between the prospective buyers and the defendant. Although there was some conflict in the testimony, I am satisfied that the Eismans professed a willingness to pay for the property the sum of $21,000, the amount the plaintiff had insisted upon. So much of the defendant's argument as is to the effect that he is exonerated by reason of the fact that no contract was signed I do not consider well founded. I am satisfied that, whether the contract was signed or not, the plaintiff was entitled to his commission if the Eismans were ready, willing and able to purchase the property upon terms to which the defendant had assented.

At this point, however, the plaintiff encounters a difficulty which, in my judgment, his proof has not surmounted. It was not enough for plaintiff to establish merely that his purchasers were ready, willing and able to pay in some form the price upon which the seller insisted, viz., $21,000, and that in addition thereto they were willing to assume payment of the first mortgage of $12,000 in the manner fixed by that mortgage. It was necessary further that the purchasers should be willing to give such a mortgage for the remaining $7,000 of the purchase price as would be within the terms expressly or impliedly communicated by the defendant to plaintiff. Of course, even failing to show that the purchasers were ready to meet such express or implied terms, the plaintiff could recover if the sale had actually been made of if the defendant and the purchasers reached an agreement respecting the terms of the second mortgage. There was no sale, and the evidence, instead of showing an agreement between the Eismans and the plaintiff as to the terms of the mortgage or mortgages to be given, establishes that on the contrary no such agreement ever was reached.

The parties had a conference on July 19, 1926, at which a different arrangement respecting the mortgages was discussed. It was suggested that the Eismans would pay $2,000 in cash and the entire balance of $19,000 in a single mortgage, the principal of which was to be paid at the rate of $500 annually; the defendant to pay the existing first mortgage of $12,000 himself. The evidence shows that the Eismans were willing to purchase upon these terms. The defendant, however, did not assent to them, but did state that he would give such assent if the plaintiff would accept $200 as his compensation instead of the $1,000 which had been contemplated by the original agreement between the plaintiff and the defendant.

Plaintiff's counsel, in his brief, relies upon these negotiations as showing that in fact the defendant and the Eismans had reached an

agreement as to the terms upon which the defendant was willing to sell and the Eismans to buy. I think the evidence does not justify this interpretation of the dickering between the parties. The question is not as to whether the sum of $200 was reasonable compensation; it is not whether the defendant was reasonable in not accepting plaintiff's suggestion of about $500. The question is, *first*, were the Eismans ready, willing and able to buy on the terms set forth in the original arrangement between the plaintiff and the defendant; and, *secondly*, if they were not, did defendant and the Eismans reach an agreement in which the defendant assented to terms different from those originally proposed? Both of these questions must be answered in the negative.

In defendant's original terms as stated to the plaintiff there was no offer, express or implied, to accept $2,000 in cash and the rest in a mortgage to run for thirty-eight years. No agreement to substitute such a mortgage for the terms originally proposed was made by plaintiff except upon a condition, namely, the reduction of plaintiff's compensation to $200, which condition the plaintiff himself refused. Accordingly, the parties reached an impasse, and no sale was made. Producing a purchaser ready, willing and able to buy imports readiness, willingness and ability to buy upon the terms the seller proposes. If the purchaser procured by the broker is not willing to buy upon those terms — if the terms upon which he is ready, willing and able to buy are different — then the broker's commission is not earned unless the seller either makes the sale upon the new terms, or at least agrees unconditionally to do so. This is clear as a matter of principle, and is well settled as a matter of precedent. (*Haase* v. *Schneider*, 112 App. Div. 336; *Maxwell* v. *Alexander Hamilton Apartments*, 215 id. 348; *Gallagher* v. *Dullea*, 199 id. 119; *Randell* v. *Ranken Realty Co.*, 188 id. 165; *Strout Farm Agency* v. *De Forest*, 192 id. 790.)

In *Maxwell* v. *Alexander Hamilton Apartments* (*supra*) an action was brought for a broker's commission. The plaintiff alleged that the seller was willing to accept a second mortgage for eight years. The plaintiff's proof showed that the plaintiff had a purchaser who was willing to buy if he could give a ten-year second mortgage. This proposition the plaintiff rejected. The court (First Department) held that the commission was not earned, and accordingly the judgment for the plaintiff was reversed.

In the case of *Randell* v. *Ranken Realty Co.* (*supra*) the same condition was present, and the same result was reached.

This position was even more strongly stated by the Appellate Division in this department in the case of *Haase* v. *Schneider* (*supra*). In that case the court, Mr. Justice WOODWARD writing, summarized

the rule to which reference had been made, and also the facts to which in that case they applied that rule, as follows: " In *Sibbald* v. *Bethlehem Iron Co.* (83 N. Y. 378) it was laid down as a fundamental and correct doctrine ' that the duty assumed by the broker is to bring the minds of the buyer and seller to an agreement for a sale, and the price and terms on which it is to be made, and until that is done his right to commissions does not accrue,' and the authority of this case, or the correctness of the rule deduced, has never been questioned. (*Donovan* v. *Weed,* 182 N. Y. 43, 46.) In the case now before us it is conceded that the plaintiffs did not bring the vendor and purchaser to an agreement as to terms, and yet the plaintiffs have a judgment for the full amount of their claim. What was done was to bring a purchaser who, we may assume, was ready, willing and able to pay the price demanded by the defendant, and it was proper to find from the evidence that the parties did reach an agreement as to the price. When, however, it came to drawing the contract there was a disagreement between the parties as to the time when the transfer should take place, as well as to other matters of detail, the defendant demanding that the title should be closed within a period of about eleven days, and the purchasers insisting upon having thirty days in which to close the transaction * * *. In order that the plaintiffs might recover in this action, it was necessary for them to show that the parties actually reached an agreement as to the terms and conditions of the sale, and this they have failed to do, because it appears that the parties never agreed to the conditions which the defendant named, and which he had a perfect right to insist upon. * * * The parties must be brought to an agreement, not alone as to the price, but as to the terms of exchange, the time of taking title and all the incidents of the transaction. The minds of the parties must meet in a contract, the details of which are worked out and understood between them, and because the plaintiffs have failed to show such a consummation of their labors, the judgment appealed from must be reversed."

It is to be observed that in this case the most important matter as to which the seller and buyer were not in agreement was simply as to the time of closing; yet the failure of agreement as to that element and " as to other matters of detail " was sufficient to preclude any right on the part of the broker to his commissions.

In *Strout Farm Agency* v. *De Forest* (*supra*) the defendant owned a parcel of real estate for which he had asked the plaintiff corporation to find a purchaser. Plaintiff was to have as its commission all of the purchase price in excess of $9,000. The plaintiff procured a prospective purchaser at the price of $10,000, and such

purchaser, through the plaintiff, tendered to the defendant $2,000 on account of the purchase price. The tender was refused and the defendant declined to negotiate the sale. In that case the 'listing contract read in part as follows:

" Price? $9,000 net to owner.

" What is smallest amount you will take as cash payment? $1,500 net to owner and title to all personal property to be retained. * * *

" How soon after sale will you give possession? At once, except house occupied."

It is obvious that in that case the plaintiff's tender of $2,000, as a part of the purchase price of $10,000, was in accordance with the seller's terms, so far as those terms had been defined. Nevertheless the court held that the plaintiff's commission was not earned, because the owner had not given to the plaintiff full and complete terms upon which he was willing to sell, and that the details of the transaction were to be determined thereafter by negotiation between the buyer and seller. The court said: " In such a case it is well settled that a broker's commissions are not earned until the minds of the buyer and seller meet, not only in respect to the price but also in respect to the terms of the sale and all the incidents of the transaction which must be worked out and understood between them."

The learned counsel for the plaintiff argues that the proof at bar meets the test imposed by the principle laid down in the decision above cited. He argues that there was complete agreement between the defendant and the prospective purchasers as to the terms, conditions and all the incidents of the sale. In my judgment the testimony would not justify a finding that such is the fact. According to my understanding of the evidence, the defendant never actually consented to receiving $19,000, all but $2,000 of the actual purchase price, in the form of a mortgage to run for thirty-eight years. To find that a consent to receiving so large a portion of the purchase price in the form of such a mortgage was established would require evidence more cogent than would be needed if the mortgage itself were less extraordinary in its duration.

It appears doubtless that the defendant would have consented to the acceptance of the balance over the $2,000 cash in the form of such mortgage, if he could have prevailed upon the plaintiff to accept the sum of $200 as his commission. Counsel for the plaintiff criticizes such a condition as an effort to evade the obligation to compensate the plaintiff at the agreed amount. The determining question, however, so far as this issue is concerned, is whether the defendant did consent, not whether or not his reasons for refusing

to consent were worthy. The evidence, I think, fails to show that he ever consented to accept the offer of which this long-term mortgage was so considerable a part.

The court, therefore, cannot find that the purchasers procured were willing to purchase the property on the defendant's terms, and it follows that the plaintiff is not entitled to enforce payment of the commission which was promised only upon his procuring such a purchaser.

In accordance with the views herein stated, the court's decision must be rendered in favor of the defendant.