FULTON PACKING Co., INC., Appellant, v. PHILIP BEEKMAN et al., Copartners Doing Business under the Name of BEEKMAN & LISS, Respondents.—In an action to recover for goods sold and delivered, judgment in favor of respondents and against appellant, entered upon the verdict of a jury, reversed on the law and a new trial granted, with costs to appellant to abide the event. In our opinion the trial court erred in excluding, on respondent Beekman's objection, portions of an affidavit made by that respondent. The excluded evidence should have been submitted to the jury as an admission by such respondent, inconsistent with respondents' claims on trial, and its exclusion was prejudicial to appellant's substantial rights. Johnston, Acting P. J., Adel, Nolan, Sneed and Wenzel, JJ., concur.

In the Matter of the Accounting of ANNIE L. ALTZ, as Executrix of FRANK ALTZ, Deceased, Appellant. ARNOLD KRIMONT, Respondent.— Decree of the Surrogate's Court, County of Westchester, judicially settling the final account of appellant, as executrix, and directing her to pay .the claim of respondent in the sum of $537.50, with interest, and to pay to respondent's attorney certain costs and disbursements, as taxed, in the sum of $232, modified on the law by striking therefrom the second and third decretal paragraphs and substituting in place thereof the following paragraph: " Ordered, Adjudged and Decreed that the claim of said Arnold Krimont in the sum of $537.50 for. real estate broker's commissions, alleged to have been earned and due from the deceased, is invalid and that the objections of said claimant to the accounting by the said executrix be and the same are hereby dismissed, and it is further "; by striking the word " then " from the fourth decretal paragraph, and by striking the following from the fifth decretal paragraph: " upon making the payments aforesaid and taking and filing the receipts and releases therefor ". As so modified, the decree, insofar as appealed from, is unanimously affirmed, with costs to appellant, to be paid by respondent personally. In our opinion mere agreement as to price on a proposed sale of real property does not constitute a meeting of the minds of vendor and vendee so as to entitle the real estate broker to commissions. The parties must be brought to agreement with respect to all terms customarily encountered in such a transaction. (Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 382; Haase v. Schneider, 112 App. Div. 336.) Present — Johnston, Acting P. J., Adel, Nolan, Sneed and Wenzel, JJ.