Arthur Wachtel, J.
This is an action for broker’s commissions. The plaintiff, a real estate broker, testified that she received a listing for the house in question on February 7, 1961, from Mrs. Lemken, one of the defendants. Thereafter on March 12, she introduced the prospective purchaser to the defendants, and Mrs. Lemken showed various parts of the house to the prospective purchaser. The next day, March 13, when plaintiff telephoned Mrs. Lemken ‘ ‘ to check the personalty that went with the house ”, plaintiff was told that “ the property was not in their name; it was in their son’s name”. Mrs. Lemken testified that on Monday, March 13, or Tuesday, March 14, in addition to advising the plaintiff that title was in her son’s name, she also said to the plaintiff, “ Don’t do anything for a while. We want to find a place to live. We don’t want to be left out in the street ”, and that she further asked the plaintiff to find her a smaller house to live in and ‘ ‘ as soon as we find a place to live, you will be the agent to sell the house ’ ’. Mr. Lemken, called as a witness by the plaintiff, testified that on Wednesday, March 15, plaintiff called and asked the defendants to sign a binder which she had prepared; that the agreement was acceptable “ as far as I was concerned ”, but that he further refused to sign “ because the house is too big for us; my wife has a heart condition; I do not want her to walk the stairs. I want to get something without stairs ”. In this connection it is to be noted that plaintiff, on cross-examination, testified that Mrs. Lemken told her she wanted a “ ranch-type house ”.
There is no claim of fraud in this case, the first cause of action based thereon, having been withdrawn by the plaintiff. There is no claim that plaintiff’s right to commissions springs from any attempt by the defendants to deprive her thereof by any fraudulent misrepresentation as to the ownership of the house (as specified in plaintiff’s bill of particulars).
I agree with counsel for the plaintiff that the fact that title was in the name of the son, and not the defendants’, is no bar to her claim for commissions against the defendants (see Willner v. McDonnell, 185 N. Y. S. 837 [App. Term., 1st Dept.]; Batchis v. Dlugasch, 128 Misc. 148 [Supreme Ct., Kings County, 1926]).
*638 The plaintiff’s right to commissions then is to be determined by the rule set forth in Sibbald v. Bethlehem Iron Co., (83 N. Y. 378, 382): “ the fundamental and correct doctrine is, that the duty assumed by the broker is to bring' the minds of the buyer and seller to an agreement for a sale, and the price and terms on which it is to be made, and until that is done his right to commissions does not accrue ’ ’.
The authority of this case, or the correctness of the rule set forth therein, has never been questioned. This rule was reaffirmed in Haase v. Schneider (112 App. Div. 336 [2d Dept.]) wherein the court pointed out that mere agreement as to the price is insufficient, and specified, as one of the additional elements necessary, agreement as to the time of taking title. In that case commissions were refused because the parties had not agreed on the time when the transaction was to be closed, the seller insisting on 11 days and the purchaser on 30. This rule has been amplified by the Appellate Division of this Department in Arnold v. Schmeidler (144 App. Div. 420, 427, [Dowling, J.]) wherein the court classified real estate brokers’ contracts as follows: “ (1) "Where the owner has given the broker the full and complete terms upon which he is willing to sell his property, and not merely the asking price thereof; (2) where the owner has his property for sale, and may or may not have set an asking price thereon, but does not fix the terms of the transaction, leaving them to be determined thereafter. In the first case the broker’s duty is fulfilled and his commissions are earned when he produces a customer ready, willing and able to comply with all the terms fixed by the owner; should the latter then desire to add to the terms already imposed, the additional conditions must be germane to the original ones, if they are to furnish a sufficient reason for the refusal to pay the broker in case of the customer’s refusal to agree to any modification of the original terms. In the second case, the broker’s commissions are not earned until the customer produced by him reaches an agreement with the owner upon the price and terms upon which a sale can be made.” The rule of law set forth in Haase v. Schneider (supra) and Arnold v. Schmeidler (supra) was followed in Backer v. Rakowsky (137 App. Div. 559 [1st Dept.]) Peace v. Ross (123 App. Div. 611 [2d Dept.]), and Strout Farm Agency v. DeForest (192 App. Div. 790 [3d Dept.]), and was relied upon to disallow-commissions to the, broker where there was.a. failure of proof, among other things, of any agreement as-to'-the" time of execution and delivery of the deed in Gallagher v. Dullea (199 App. Div. 119 [3d Dept.]). This rule was again reaffirmed by the Appellate Division, First Department, in Thompson & *639 Co. v. New Madison Sq. Garden Corp., (225 App. Div. 521, 522 [1929]) wherein the court restated the rule as follows: “a ■broker is not entitled to his commission unless the minds of the parties have met not merely on the price, but on all the terms and incidents of the transaction ” (see also for a discussion of the rule Harper v. Schmulevitz, 12 Misc 2d 568, and Restatement, Agency, § 445, p. 1040).
In the case at bar the proof is vague as to whether any details as to assumption of the existing mortgage, the precise amount of the balance due thereon, and the amortization of the mortgage were worked out between the parties, but there is even a more serious defect in plaintiff’s proof. There is no sufficient proof that there was ever a meeting of the minds of the parties with respect to the date of closing and delivery of possession. Analysis of the testimony upon the entire case leads the court to the conclusion that the defendants did not intend to deliver possession to the prospective purchaser unless and until they obtained another house which would be more suitable for Mrs. Lemken, who was suffering from a heart condition, and would not require her the exertion of going up and down stairs; the defendants advised the plaintiff of this intention prior to the time when the binder was prepared and submitted by the plaintiff to the defendants. The defendants refused to sign the binder or go to contract for this reason. There is no proof that the defendants did so in bad faith for the purpose of depriving the plaintiff of her commissions. There is no proof that Mrs. Lemken’s claim of a heart condition and the necessity for obtaining other suitable accommodations was fraudulent or made in bad faith for the purpose of depriving the plaintiff of her commissions (Sibbald v. Bethlehem Iron Co., supra, pp. 384, 385). Thus the case resolves itself into a failure of proof of any meeting of the minds of the parties in respect of the date of closing and delivery of possession.
It was on this basis that the court in House v. Hornburg, (267 App. Div. 557, affd. 294 N. Y. 750) disallowed broker’s commissions. In that case the defendant agreed to sell her farm, “ Possession as soon as possible ”. When the broker presented her with the purchaser ready to buy at the desired price she agreed to sell provided she could find a suitable farm into which she could move her stock and equipment. There was no evidence of bad faith on her part. The trial court held that the only question of fact was the prospective purchaser’s financial ability to complete the purchase and submitted that question alone to the jury which found a verdict for the plaintiff. The Appellate Division reversed on the ground that there was a failure of *640 proof as to a meeting of the minds on two essential terms, namely the closing date and the question of retaining possession, and so the case fell within the second category of cases classified in the Arnold case (supra). The plaintiffs failed to prove they had brought the parties together not only on the price but also as to all essential terms of a closing contract in accordance with the line of cases hereinabove referred to, and the Court of Appeals affirmed (294 N. Y. 750). (See, also, Matter of Altz, 72 N. Y. S. 2d 824, revd. 274 App. Div. 894, affd. 300 N. Y. 607). In that case the owner listed with the broker the house in which he lived at a price of $10,500 and thereafter the broker showed the premises to a prospective purchaser who offered to pay the price asked and gave a check of $100 as a binder. Thereafter the owner returned the check stating as his reason therefor that his wife had urged bfm not to sell because it was impossible to find a place to live. The court below, following the same argument as counsel for the plaintiff, quoted the Sibbald case in support of its ruling that the broker had produced a buyer ready, willing and able to purchase upon the terms and the price agreed upon, and that broker’s commissions were payable despite the failure of the parties to agree upon the date of closing. However, the Appellate Division, Second Department reversed upon the basis of the rule hereinabove set forth in the Sibbald case at page 382 and Haase v. Schneider (supra) stating: “ In our opinion, mere agreement as to price on a proposed sale of real property does not constitute a meeting of the minds of vendor and vendee so as to entitle the real estate broker to commissions. The parties must be brought to agreement with respect to all terms customarily encountered in such a transaction. (Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 382; Haase v. Schneider, 112 App. Div. 336.) ”
It requires little argument to decide that the closing date and delivery of possession are essential elements which, in addition to agreement, as the other essential term of sale must be proved before the broker can receive commissions (Walker v. Maher, 156 N. Y. S. 2d 294, citing House v. Hornburg, supra). Accordingly, the complaint is dismissed.