Arthub Wachtel, J.
The plaintiffs, real estate brokers, produced a buyer, ready, able and willing to perform on the seller’s terms. A contract of sale was executed by the defendant owner and the prospective purchaser, wherein the property was represented by the owner as being a legal two-family house. However, the closing was never consummated by reason of the.fact that the certificate of occupancy was for only a one-family house and not a two-family house, and the defendant owner never procured a certificate of occupancy for a two-family house. The plaintiffs sue for commissions and the defendant resists the plaintiffs’ *423 claim upon the ground that there was “ a failure of the minds of the respective parties to meet on the incidents of the sale ”, that the incidents of the sale included the identity of the subject matter of the transaction, namely a two-family house, which did not in fact exist.
The court, however, cannot agree with this argument. This is a case, in the words of Judge Earl (Gilder v. Davis, 137 N. Y. 504, 506): “ Where the contract of sale is executed between the employer and the purchaser, the right of the broker to his commissions does not depend upon the performance of the contract by the purchaser. If from a defect in the title of the vendor, or from a refusal to consummate the contract on the part of the purchaser for any reason in no way attributable to the broker, the sale falls through, nevertheless the broker is entitled to his commissions, for the simple reason that he has performed his contract.” As Judge Werner said in Smith v. Peyrot (201 N. Y. 210, 214): “ the broker has done all that he could. He has rendered the stipulated service and it is through no fault of his that the matter is never completed * * * The efforts of the broker are rendered futile by the fault or misfortune of the employer, and under such circumstances the employer ought not to be heard to say that the broker has not performed. It is a familiar principle that one cannot avail himself of the failure to observe a condition precedent who has himself occasioned its non-performance ”. (See, also, Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 384; Pearson v. Lemken, 34 Misc 2d 636; Nelson, Lee & Green, Inc., v. Daly, 163 N. Y. S. 788 and cases there cited.)
Accordingly, judgment is directed for plaintiffs in the sum of $950 with interest as demanded in the complaint.