■ DANIEL K. DEIGHAN, Respondent, v PETER E. LOW, JR., et al., Appellants.—Appeal from a judgment of the Supreme Court in favor of plaintiff, entered August 30, 1976 in Essex County, upon a decision of the court at a Trial Term, without a jury. Plaintiff, a licensed real estate broker, instituted this action against defendants to recover the amount of a real estate commission allegedly earned or a parcel of land of equal value in lieu thereof. The controversy centers upon 27 acres of land jointly owned by defendants in the Town of Wilmington, Essex County. Wishing to sell the subject property, defendants listed it with plaintiff and informed him that an offer which would net them $21,500, not necessarily $21,500 cash, would be acceptable. Finding that plaintiff had earned his commission, the trial court awarded him judgment against defendants for $2,400 plus costs and disbursements of the action, and this appeal ensued. We find the judgment appealed from must be affirmed. It is clear and undisputed that plaintiff produced a buyer for the realty ready, willing and able to perform under the one condition established by defendants, i.e., that they net $21,500 from the transaction. Accordingly, plaintiff is entitled to his commission *(Pintaville v Rallis,* 35 AD2d 891; *Kahn Assoc. v Maidman,* 69 Misc 2d 90, affd 38 AD2d

---

798, affd 30 NY2d 831), and it is immaterial that he was an officer and stockholder of the corporation seeking to make the purchase. Moreover, even assuming *arguendo* that plaintiff was under a duty to make known to defendants his relationship to said corporation (see *Wendt v Fischer*, 243 NY 439), the record amply supports the trial court's finding that he adequately informed them of his corporate connections. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.