(47 App. Div. 163.)

## BRUCE v. HURLBUT.

(Supreme Court, Appellate Division, Third Department.　January 8, 1900.)

BROKERS—ACTION FOR COMMISSIONS—INSTRUCTIONS.

> Where a broker, in an action for services in procuring defendant a purchaser for land, claimed that both parties had signed and delivered duplicate contracts of sale, and defendant claimed that after he signed the papers the purchaser took them, and signed only after making material alterations therein, and that he thereupon refused to re-execute the contracts as altered, and that they were never delivered, it was error to refuse an instruction that if, after defendant executed the contracts, they were altered before the purchaser executed them, and were never subsequently re-executed, there was no meeting of minds.

Appeal from trial term, Albany county.

Action by De Witt Bruce against Gansevoort De W. Hurlbut. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals.　Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, KELLOGG, and MERWIN, JJ.

Montignani, Mallory & Elemendorf, for appellant.

John De Witt Peltz, for respondent.

MERWIN, J.　This action was brought to recover for services performed by plaintiff, as a broker, in procuring for the defendant a purchaser of certain real estate in Albany.　The plaintiff brought the defendant into communication with Mr. Dudley, the proposed purchaser, and, after some negotiations, a written contract, called in the case "Exhibit B," was prepared.　This was signed by the defendant in duplicate, and then, as the evidence on the part of the plaintiff tended to show, Mr. Dudley also signed the papers, and the parties mutually made a delivery; thus making, as the plaintiff claimed, a completed contract.　On the part of the defendant, however, there was evidence tending to show that, after the defendant signed the papers, Mr. Dudley took them, and did not sign them in the form they then were, but made some material erasures and interlineations, and then signed them, and that afterwards the defendant refused to re-sign them, or acknowledge the execution thereof, in their altered shape, and that they were never in fact delivered.　They were afterwards canceled.

The defendant, among other requests, asked the court to charge as follows:

"(7) That if the jury believe that, after the execution of Exhibit B by Mr. and Mrs. Hurlbut, it was interlined by Mr. Dudley before he himself executed it, and it was never subsequently re-executed by Mr. and Mrs. Hurlbut, they must find there was no agreement shown by Exhibit B.

"(8) If the jury believe the erasures and interlineations in Exhibit B were made after that paper was executed by Mr. and Mrs. Hurlbut, and before Mr. Dudley signed it, they must find there was no meeting of the minds of the parties to that paper."

Each of these requests was refused, except as already charged.

Neither of these propositions had been charged in fact or in substance.　It was not claimed by the plaintiff that the defendant, after

the interlineations and erasures were made, re-signed or acknowledged the execution of the papers, but his claim was that both parties executed and delivered the papers in their original condition. If so, the written instrument was very material evidence on the proposition that plaintiff was seeking to show, that the minds of the parties met upon a complete contract. The defendant had the right to have the jury clearly understand the effect of a failure by Dudley to sign before changes were made.

It is suggested that the requests were not material, and that the case of the plaintiff can stand upon other evidence that was given. We cannot say what view the jury took upon that subject. They may have considered the evidence as to a completed written contract the most competent and controlling in the case. The requests above set forth should, we think, have been granted by the court, and the failure to do so is good ground for reversal.

Judgment and order reversed, new trial granted, costs to abide the event. All concur.