FREDERICK A. EMERICK, Respondent, *v.* MARY E. HACKETT, Appellant.

REAL PROPERTY — OPTION OF PURCHASE WITHOUT PROVISION AS TO COVENANTS OR FORM OF DEED — VENDOR ONLY BOUND TO DELIVER DEED SUFFICIENT TO PASS TITLE. Where an option of purchase in a written lease of real property contains no provision for any covenants, or as to the form of the deed, upon the privilege being availed of, the vendor is only bound to deliver a deed sufficient in law to pass the title. A judgment, therefore, in an action for the specific performance of such contract, requiring the defendant to convey the property by a "warranty deed," is erroneous, but where such property was free from any liens or incumbrances at the time of the making of the lease, it is proper to direct the defendant to convey it free from any such.

*Emerick* v. *Hackett*, 119 App. Div. 913, modified.

(Argued April 22, 1908; decided May 19, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 18, 1907, affirming a judgment in favor of plaintiff entered upon a decision of the Oswego County Court at a Trial Term without a jury.

This action was brought to compel specific performance of an option of purchase contained in a written lease of a farm theretofore entered into by plaintiff's assignor as lessee and the defendant as lessor, and resulted in a judgment directing the defendant to specifically perform such option and convey and transfer by warranty deed the farm in question free of any and all incumbrance, mortgage or lien, on the tender to her or to her attorney of a certain sum of money.

*D. P. Morehouse* for appellant. The judgment entered and directed by the County Court is erroneous, for the reason that it requires the defendant to execute a deed containing covenants of warranty. (L. 1896, ch. 547, §§ 210, 216; *Nixon* v. *Hyserott*, 5 Johns. 58; *Van Eps* v. *Mayor*, 12 Johns. 436; *Ketchum* v. *Everston*, 13 Johns. 359.)

*James T. Clark* for respondent. The provisions of the findings of the trial court and judgment, and particularly as to the form of deed to be given to the plaintiff by defendant, were proper and necessary to the fulfillment of the rights of the plaintiff as established by the decision herein. (*Richards v. Edick*, 17 Barb. 260; *Waring v. Ayres*, 40 N. Y. 350; *Lawrence v. S. L. Ry. Co.*, 36 Hun, 467; *Brinkerhoff v. Olp*, 35 Barb. 27; *Butterfield v. Cooper*, 6 Cow. 481; *Barwell v. Jackson*, 9 N. Y. 535; *Lazarus v. Heilman*, 11 Abb. [N. C.] 93; *Story v. Conger*, 36 N. Y. 673; *Moore v. Williams*, 115 N. Y. 586; *Bostwick v. Beach*, 103 N. Y. 421.)

*Per Curiam.* We think the judgment of the trial court erroneous in having required the defendant to convey the lands by a "warranty deed." The contract of the parties was that the plaintiff should "have the privilege of buying the farm" of the defendant for $3,000, and it contained no provision for any covenants, or as to the form of the deed, upon the privilege being availed of. It was early settled in this state that in such cases the vendor was only bound to deliver a deed sufficient in law to pass the title. (*Van Eps v Mayor, etc., of Schenectady*, 12 Johns. 442; *Ketchum v. Evertson*, 13 ib. 359; *Gazley v. Price*, 16 ib. 267.)

As this farm was found to have been free from any liens or incumbrances at the time of the contract, it was proper to direct the defendant to convey it free from any such.

The judgment should be modified by striking therefrom the word "warranty," and as so modified should be affirmed, without costs in this court to either party.

Cullen, Ch. J., Gray, Vann, Werner, Willard Bartlett, Hiscock and Chase, JJ., concur.

Judgment accordingly.