EMILE DUGAS, Appellant, *v.* BASHWITZ BROS. & COMPANY, INC., Respondent.

First Department, July 13, 1917.

**Principal and agent — action to recover commissions for procuring purchaser of goods — trial — nonsuit — proof sufficient to sustain one count of complaint but insufficient as to other count — appeal — inferences on appeal from nonsuit.**

Where the plaintiff's contract with the defendant entitled him to commissions upon the purchase price of any goods a foreign commission might buy from the defendant, or upon any and all contracts or orders that said commission might give to the defendant which were obtained or procured directly or indirectly through the plaintiff, it was proper to nonsuit the plaintiff on a count of his complaint alleging a breach of said contract where the proof showed that, although the plaintiff induced negotiations between a foreign commission and the defendant for the purchase and sale of goods, the commission refused to sign the contract tendered by the defendant owing to their inability to agree upon the time within which the goods were to be delivered by the defendant, that being of the essence of the contract. On such proof there was no meeting of the minds and no contract of sale upon which the plaintiff could claim commissions.

But it was error to grant a nonsuit upon a second count of the complaint which in substance stated that after the rejection of the defendant's proposals by the foreign commission they did enter into and carry out a contract of sale upon the original terms offered by the defendant where

the proof shows that such was the fact, for the plaintiff did get an order for the defendants which eventuated in a contract.

As on an appeal from a nonsuit the plaintiff was entitled to the benefit of the inferences from the proof, the nonsuit was error, although upon a new trial it may be shown that another person who joined with the defendant in making the contract of sale may have been instrumental in its consummation.

APPEAL by the plaintiff, Emile Dugas, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 7th day of April, 1917, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*Samuel F. Frank,* for the appellant.

*Harry J. Sondheim,* for the respondent.

SHEARN, J.:

In this case, brought to recover commissions upon a contract to supply the Italian government with uniforms, two causes of action are pleaded. In the first, plaintiff alleges an agreement to pay a commission of five per cent upon the purchase price of any goods that the Italian commission might buy or upon any and all contracts or orders that the commission might give which were obtained or procured directly or indirectly through the plaintiff, and that the plaintiff presented an offer on behalf of the defendant to the commission, which was ready and willing to purchase upon the defendant's terms as stated in the offer, but that the defendant wrongfully refused to consummate the contract. In the second cause of action, plaintiff alleges that subsequent to the refusal of the defendant to carry out its offer and on or about September 10, 1915, a contract was duly made between the commission and the defendant, together with the H. B. Rosenthal-Ettlinger Company, which contract was procured through the introduction of the plaintiff; that the H. B. Rosenthal-Ettlinger Company was introduced into the transaction to defraud the plaintiff out of his commissions and had only a nominal interest in the contract and that by reason thereof the plaintiff was entitled to the commission upon the amount of said contract.

There is no question but that the plaintiff was defendant's

broker and introduced the parties and brought the nego-
tiations to the point of consummation. Price, material and
quantity were agreed upon, but the essence of the matter,
so far as the commission was concerned, was time of delivery.
The defendant had not actually secured or " tied up " the
cloth necessary for the manufacture of the uniforms and was
sparring for time. The commission insisted upon a definite
proposition and on August 30, 1915, the defendant signed
and delivered to the plaintiff, for delivery to the commission,
a letter stating the price and agreeing to make deliveries at
periods therein stated, namely, third week after signing con-
tract 10,000 suits, fourth week after same, 12,000, fifth week
15,000, and sixth week 25,000. This was not satisfactory to
the commission and the commission wrote on the letter
opposite third week " 24 Sept.," opposite fourth week " 30
Sept.," opposite fifth week " 7 Oct.," and opposite sixth week
" 15 Oct.," and informed the plaintiff that it accepted the
proposition with those dates for deliveries. It was expected
that the contract would be signed within the next day or two,
at least by September third. A formal contract was to be
entered into and defendant prepared a proposed contract and
submitted it to the commission, but defendant neither signed
the contract nor put in the dates insisted on by the com-
mission. The commission continued to insist on specific dates
for delivery. The reason for so doing is obvious, for, as
defendant was not yet ready to *sign* either form of contract, a
provision fixing delivery a certain number of weeks " after
signing contract " left the dates for the deliveries entirely
uncertain. The commission refused to sign the proposed con-
tract and defendant's president went away to the country.
Owing to this material difference with respect to the dates,
which was an essential matter, there cannot be said to have
been any meeting of the minds of the parties and the con-
tract was not secured. The first cause of action was, therefore,
properly dismissed.

On September 10, 1915, however, a contract was entered
into between the parties, the one in which the H. B. Rosenthal-
Ettlinger Company was introduced. It was essentially the
same contract that had been agreed upon, except as to the
dates, which were specified as October tenth, fifteenth, twen-

tieth and thirty-first. In other words, the commission had withdrawn from its position and accepted a proposal which was identical with defendant's original proposal, except that it gave defendant two weeks more time on each delivery. The defendant went into said contract, as the evidence shows, on equal partnership basis with the H. B. Rosenthal-Ettlinger Company and performed the contract. There is no evidence warranting an inference that the H. B. Rosenthal-Ettlinger Company's interest was nominal or that that company was introduced to defraud the plaintiff, but, giving the plaintiff the benefit of the inferences to which he is entitled on this appeal, it is readily to be inferred that the plaintiff was the procuring cause of that order. He was to get a commission if he procured an order that eventuated into a contract; he did get an order and the order eventuated into a contract. It may appear on a new trial that the H. B. Rosenthal-Ettlinger Company or somebody else was instrumental in consummating the contract, but on the case as it now stands, it was error to nonsuit the plaintiff.

The judgment should, therefore, be reversed and a new trial ordered, with costs to appellant to abide the event.

SCOTT, DOWLING, SMITH and PAGE, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.