Appellate Term, First Department, March, 1919.   [Vol. 106.

right of the plaintiff to make a new motion for the same relief.

WEEKS and FINCH, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.  Order appealed from dismissed, with costs.

MICHAEL COHN and Another, Respondents, *v.* EMIL REICH, Appellant.

(Supreme Court, Appellate Term, First Department, March, 1919.)

Commissions — when there can be no recovery for loss of — contracts — brokers — when complaint dismissed.

> In and by a letter procured from a trust company by and addressed to plaintiffs, the trust company agreed to make a first mortgage loan on certain premises and the defendant agreed to purchase a participating interest in the mortgage, to be held by the trust company as security for his note payable in six months with interest, and the defendant in consideration of the loan agreed to purchase from the trust company certain other real property.  Before the delivery of said letter, plaintiffs obtained from defendant an offer in writing which authorized them to procure for him an acceptance of the first mortgage loan, and " on obtaining said acceptance we agree to pay " a certain percentage for attorneys' fees, disbursements and brokerage and the defendant wrote upon the letter " I hereby accept the above " followed by his signature.  The transaction between the trust company and the defendant was never consummated.  In an action for commissions, plaintiffs contended that upon the delivery of the letter to defendant, they had performed their full obligation and were entitled to recover.  *Held,* that as the parties had never agreed upon the terms of the purchase and sale of the property and the only " acceptance " of a loan procured by

plaintiffs was an offer on the part of the trust company, upon defendant agreeing to purchase said property, plaintiffs neither procured a loan for defendant nor a customer ready and willing to make such a loan upon terms satisfactory to and agreed upon by defendant, they were entitled to no commissions, and a judgment in their favor entered upon a directed verdict, not only for the agreed commission but for additional commissions they would have earned had defendant carried out his agreement to purchase the trust company property, will be reversed and the complaint dismissed with costs.

The words " on obtaining said acceptance we agree to pay " in defendant's offer, construed most favorably to plaintiffs did not obligate defendant to pay, unless plaintiffs procured for him an actual agreement to loan the amount called for upon the terms stated. The letter from the trust company was not such an agreement, and its delivery to defendant did not constitute the procurement of the " acceptance " called for by defendant's offer, hence in no circumstances could there be a recovery for loss of commissions plaintiffs might have earned in obtaining a loan from the trust company for the defendant.

APPEAL from a judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, in favor of the plaintiffs, and from an order denying defendant's motion to set aside the verdict and for a new trial.

Lewis & Schaap (Herman M. Schaap, of counsel), for appellant.

Lind & Pfeiffer (Alexander Pfeiffer and Julius Kuschner, of counsel), for respondents.

LEHMAN, J. The plaintiffs are real estate brokers who were engaged prior to March 15, 1918, in efforts to procure for the defendant a loan of $57,000 on premises which the defendant had purchased. They had some negotiations with the Lincoln Trust Company

Appellate Term, First Department, March, 1919.. [Vol. 106.

and on March fifteenth they procured from that company a letter addressed to themselves which reads as follows:

" We hereby agree to make a first mortgage loan for the amount of $57,000 for a period of 3 years with interest at 5½%, the said mortgage loan to be secured by property Nos. 658 and 660 West 160th Street, as shown upon your diagram and with the bond of Emil Reich. Mr. Reich agrees to purchase a participating interest in the said mortgage of $2,000, which participating interest is to be held by the Trust Company as security for his personal note, payable in six months, with interest at 6%.

" In consideration of the Trust Company making the above loan, Mr. Reich agrees to purchase from the Trust Company property No. 343-345 East 101st Street at the price of $35,000 to be paid for as follows:

" Cash $6,000 and a purchase money mortgage of $29,000, due 3 years from now with interest at 5% and the said mortgage to provide for payments in reduction of principal of $500 each six months during the life of the mortgage.

"Very truly yours, ·

"A. M. HYATT,

"*Vice-President.*".

After securing that letter, but before delivering it to the defendant, they obtained from him an offer or unilateral contract in writing, as follows:

" In consideration of One Dollar, the receipt · of which is hereby acknowledged, authorize M. Cohen & Co. to procure for me an acceptance of $57,000 on first mortgage at 5½% interest per annum for three years on property situated at· #656-658-660 West 160th Street, New York City, and on obtaining said acceptance we agree to pay therefor 2% and disbursements

to cover attorney's fee, disbursements, and broker-
age and I also agree to pay the State Mortgage Tax.
Disbursements to include net cost of title policy.

" This authorization is to remain in force until
191            at    o'clock.  The brokers
agree to stand ½ expenses of recording mortg. of
$29,000 at 5% on No. 343 and 345 East 101st Street,
New York City.

" E. Reich."

The defendant thereupon placed upon the letter of
the Lincoln Trust Company the words " I hereby
accept the above, E. Reich." The transaction between
the Lincoln Trust Company and the defendant was
never consummated, but the plaintiffs claim that under
the terms of the defendant's offer they had performed
their full obligation and became entitled to the agreed
compensation as soon as they delivered to the defend-
ant the letter from the Lincoln Trust Company offer-
ing to loan the sum of $57,000 to the defendant upon
terms which were satisfactory to the defendant. The
trial justice after hearing the evidence directed a ver-
dict in favor of the plaintiffs for the amount of the
agreed commissions and also for additional commis-
sions which the plaintiffs claim they would have earned
and received from the Lincoln Trust Company if the
defendant had carried out his agreement to purchase
from the trust company its property at 343–345 East
One Hundred and First street.

For reasons to which I will refer hereafter, it seems
to me quite evident that under no circumstances could
the plaintiff recover from this defendant for loss of
commissions he might have earned from the Lincoln
Trust Company for the sale of its property, but even
the recovery of the agreed commission of two per cent
and disbursements, less certain expenses, can be sus-

tained only if the plaintiffs have shown that the letter
from the Lincoln Trust Company constituted an
" acceptance of $57,000 on first mortgage, etc." within
the meaning of defendant's offer of March fifteenth,
or that the defendant subsequently accepted the letter
of the trust company in lieu of full compliance with
the terms of his offer. I have some doubts as to
whether the parties intended by the use of the words
" on obtaining said acceptance we agree to pay "
that the defendant should be under any different or
greater liability than that ordinarily incurred by a
seeker of a mortgage loan, viz., the obligation to pay
his broker if he actually procures for him a loan which
is consummated. In any event, however, even if we
construe these words in the manner most favorable
to the plaintiffs the defendant is not obligated to pay
thereunder unless the plaintiffs have procured for him
an actual agreement to loan the sum of $57,000 upon
the terms therein stated. The letter of March fif-
teenth is clearly no such agreement. It is merely an
offer to loan the sum of $57,000, provided the defend-
ant purchases a participating interest therein to the
extent of $2,000, and agrees to buy from the lender
other property for the sum of $35,000. The delivery
of this offer cannot in itself constitute the procure-
ment of the " acceptance " called for by defendant's
offer. The plaintiffs, however, maintain that the
defendant has accepted this offer, that the parties
have agreed upon all the terms upon which the loan
should be made, and that therefore the plaintiffs have
fully performed the services for which the defendant
agreed to pay. Even if we should hold that the plain-
tiffs would be entitled to recover if they show that
they have procured a person willing, ready and able
to make the loan upon terms which are acceptable to
the defendant, the plaintiffs must at least show that

the customer procured by them has reached an agreement with the defendant upon *all the terms* of that loan.  One of those terms is that the defendant should buy from the lender a house for the sum of $35,000. The agreement for the loan is obviously incomplete unless the parties have agreed fully upon the terms of this sale.  The parties intended thereafter to enter into a formal contract of sale and the broker visited the attorneys of the trust company for this purpose. The parties, however, could not agree upon a clause to cover responsibility for existing tenement house violations or in regard to the amount of allowance for expense in removing same and as a result the entire transaction was never consummated.  Of course, if the parties had previously agreed upon all the terms of the sale the mere fact that they intended subsequently to enter into a more formal contract would not prevent a broker from recovering any commissions which he might have earned by producing a customer who has reached an agreement with the principal upon all the essential terms of the contract.  In the present case, however, apparently only the price and terms had been agreed upon or even discussed and it is hardly conceivable that the parties intended to enter into a binding contract for the purchase and sale of real property at a price of $35,000 without fixing a date for closing and agreeing upon the form of deed, the responsibility for violations and the other matters which commonly enter into a contract of sale.  Moreover, if the parties had considered the contract complete then there would be no reason for entering into a further formal contract in writing, for the parties had already signed a paper in which the terms agreed upon were set forth.  The entire attitude of the parties and their discussions about the proper disposition of the tenement house violations show that they did not con-

Appellate Term, First Department, March, 1919.   [Vol. 106.

sider the contract complete.  The plaintiffs also seem
to have taken the same attitude in regard to this ques-
tion.   They not only continued to try to bring the
minds of the parties together upon these points, but
they claim and have recovered from the defendant
damages in the amount of the commissions which they
allege they would have earned and received from the
Lincoln Trust Company if the contract of sale had
been consummated.   These damages, even if caused
by the failure of the defendant to consummate an
agreement of sale made by him with the trust com-
pany, could give rise to no cause of action on the part
of the plaintiffs for the defendant had never employed
them except to procure " acceptance " of a loan and
was under no possible obligation to them except for
the agreed amount of their commissions.  If he failed
to carry out any agreement to purchase the land he
would be liable for damages only to the vendor.   On
the other hand, if he really had made a complete agree-
ment with the Lincoln Trust Company for the pur-
chase of the property then the brokers would have
earned their commissions from that company even if
the defendant subsequently refused to proceed with
the contract and the plaintiffs' claim that he prevented
them from earning their commissions necessarily
involves an admission that no complete contract of
sale was ever agreed upon by the parties.

Since the parties herein never agreed upon all the
terms upon which the defendant was to purchase the
One Hundred and First street premises from the Lin-
coln Trust Company and since the only " acceptance "
of a loan procured by the plaintiff was an offer on the
part of the Lincoln Trust Company conditioned upon
the defendant agreeing to purchase this property, it
follows that the plaintiffs have neither procured a loan
for the defendant nor a customer ready and willing to

make such a loan upon terms satisfactory to and agreed upon by the defendant, and they are entitled to no commissions from him. Judgment should, therefore, be reversed, with thirty dollars costs, and complaint dismissed, with costs.

WEEKS and FINCH, JJ., concur.

Judgment reversed, with costs.