E. A. STROUT FARM AGENCY, INC., Respondent, *v.* EUGENE DEFOREST, Appellant.

Third Department, July 8, 1920.

**Principal and agent — real estate broker's action for commissions — failure to agree upon complete terms of sale — refusal to sell by owner — measure of damages.**

A real estate broker who agreed to obtain a purchaser for the plaintiff's premises under an agreement which entitled the broker to receive as compensation any sum paid for the property in excess of a stated amount which the owner was to receive is not entitled to recover on the theory that commissions have been earned because the plaintiff procured a purchaser willing to pay a price in excess of that fixed by the owner if in fact the owner refused to sell and the complete terms of sale had never been agreed upon between the parties.

Where the agreement as to the lowest net price which the owner is to receive does not embody the complete terms upon which the owner is willing to sell and leaves the details of such transaction to be determined thereafter by negotiations between buyer and seller, the broker's commissions are not earned until the minds of the buyer and seller meet, not only in respect to the price, but also in respect to the other terms of sale which must be worked out and understood between them. The rule is different where the owner has given the broker full and complete terms of the proposed sale. In such case commissions are earned when the broker produces a customer willing and able to comply with such terms.

As the defendant's refusal to sell was wrongful, the plaintiff, while not entitled to recover for complete performance, may recover the actual damages sustained because of the defendant's breach of the contract.

APPEAL by the defendant, Eugene DeForest, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Delaware on the 10th day of July, 1919, upon the decision of the court rendered after a trial before a jury, both parties having moved for a directed verdict.

*Sewell & France* [*Alexander Neish* of counsel], for the appellant.

*O'Connor & O'Connor* [*Charles R. O'Connor* of counsel], for the respondent.

COCHRANE, J.:

The plaintiff is a corporation engaged in the business of selling real estate on commissions. It made a written agreement with the defendant that if it sold his farm including certain personal property thereon it should have as its compensation all of the purchase price in excess of $9,000. A cash payment of $1,500 was to be paid the defendant on such sale. The plaintiff procured a prospective purchaser at the price of $10,000. He delivered to the plaintiff $2,000 on account of the purchase which the plaintiff tendered to the defendant. The latter having changed his mind about selling the farm, declined the tender and refused to continue negotiations with a view to consummating the sale. The plaintiff has recovered in this action $1,000 on the theory that it has fully earned its commissions or compensation for effecting the sale of the farm.

The contract between the parties to this action known as the listing contract consists of numerous questions and answers thereto given by the defendant. Among them are the following: " Price? $9,000 net to owner. What is smallest amount you will take as cash payment? $1,500 net to owner and title to all personal property to be retained. * * * How soon after sale will you give possession? At once, except house occupied." It is entirely obvious from the foregoing questions

and answers that the owner did not give the plaintiff full and complete terms upon which he was willing to sell his farm but that the details of the transaction were to be determined thereafter by negotiation between the buyer and seller. In such a case it is well settled that a broker's commissions are not earned until the minds of the buyer and seller meet, not only in respect to the price but also in respect to the terms of the sale and all the incidents of the transaction which must be worked out and understood between them. (*Haase* v. *Schneider*, 112 App. Div. 336; *Arnold* v. *Schmeidler*, 144 id. 420, 427; *Peace* v. *Ross*, 123 id. 611; *Backer* v. *Ratkowsky*, 137 id. 559.) The rule is different where the owner has given the broker the full and complete terms of the proposed sale. In such case the broker's commissions are earned when he produces a customer willing and able to comply with such terms. (*Arnold* v. *Schmeidler*, 144 App. Div. 420, 427; *Martin* v. *Wermann*, 107 id. 482; *Duclos* v. *Cunningham*, 102 N. Y. 678.)

The defendant wrongfully refused to negotiate with a view to working out the details of the sale. He practically terminated the plaintiff's contract of employment. The plaintiff is not without redress, but as its contract has not been performed a recovery in its favor cannot rest on the performance thereof. The rule of damages is stated in 4 Ruling Case Law (p. 255) as follows: "Where the principal wrongfully terminates the contract of employment by revoking the broker's authority, the latter is entitled to recover as damages not only the value of such services as he has already rendered together with such disbursements as he has made in his employer's behalf, but also such prospective profits as he can reasonably establish would have been his but for the wrongful revocation of his authority." It is stated in Cyc. (Vol. 19, p. 272): "If a sale by an owner who has placed lands in the hands of a broker for sale works a breach of contract with the broker, an action by him should be based on the breach and not on a performance of the contract."

A recovery by the plaintiff should, therefore, have been limited to its actual damages sustained because of the defendant's breach of contract. We do not intend to hold that in no similar case could there be no recovery for the agreed

compensation. The evidence might be such as to indicate an ability and willingness on the part of the proposed purchaser to comply with any reasonable terms which the owner might exact. In such a case the prospective profits of the broker would be established with reasonable certainty and he would be entitled to recover therefor. This is not such a case on the evidence produced. The payment of a large portion of the purchase price was to be secured presumably by a mortgage on the farm and by chattel mortgage. There was an existing mortgage on the farm of $5,000. Title to all personal property was to be retained. Possession of the house was not to be immediately surrendered. It is, therefore, clear that there were numerous details to be arranged. The nature of the security, the rate of interest thereon, the times and conditions of the payments affecting the security both in respect to the real and personal property, the disposition of the existing mortgage, and the duration of the occupancy of the house by the seller, all suggest various possibilities of honest differences of opinion between him and the proposed purchaser. There is no evidence of any readiness by the latter to comply with all reasonable requirements made in good faith. He did not discuss terms with the owner or otherwise disclose his mental attitude and there is no evidence as to what he could or would have done except to produce the $2,000. The case is absolutely barren of evidence justifying any inference on this point. It is impossible to determine that there would have been an agreement between customer and owner if negotiations had proceeded.

The judgment should, therefore, be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment reversed and new trial granted, with costs to the appellant to abide the event.