E. A. STROUT FARM AGENCY, INC., Respondent, *v.* EUGENE DE FOREST, Appellant.

Third Department, July 6, 1922.

Principal and agent — action by real estate broker for commissions — evidence — when parol evidence not admissible on theory that it supplements but does not vary written contract — failure of proof by plaintiff as to actual value of services — remarks by counsel calculated to prejudice jury against defendant ground for reversal.

In an action by a real estate broker to recover commissions for the sale of a farm under a contract, which failed definitely to state the complete terms of sale to which the defendant owner would assent, parol evidence by an agent of the plaintiff as to the terms of the contract which were omitted is in direct contradiction of a provision of the contract that " no agreement or conditions exist other than those contained herein," and, therefore, said testimony is not admissible on the theory that it supplements but does not vary the written contract.

Plaintiff is not entitled to a judgment for the actual value of its services where the only proof was directed to the point that the commissions named in the express contract were usual and reasonable, for there was no sale made and no purchaser produced to meet the terms of the owner.

Moreover, remarks by counsel for the plaintiff calculated to arouse in the minds of the jury the most violent prejudices against the defendant, and to cause them to forget the real issue involved, were sufficient of themselves to call for a reversal of the judgment.

APPEAL by the defendant, Eugene De Forest, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Delaware on the 7th day of November, 1921, upon the verdict of a jury, and also from an order denying defendant's motion for a new trial made upon the minutes.

*Sewell & France* [*Alexander Neish* of counsel], for the appellant.

*O'Connor & O'Connor* [*Charles R. O'Connor* of counsel], for the respondent.

H. T. KELLOGG, J.:

This case was before us for decision upon a prior appeal. (192 App. Div. 790.) We then held that the written contract, whereby the defendant employed the plaintiff to sell his farm, was deficient in its specification of the terms upon which the defendant would make a sale. The contract expressed the fact that the defendant would sell for $9,000 upon a cash payment of $1,500. It specified no terms in relation to the payment of the balance of the purchase price. Again, while it expressed the fact that the defendant would give immediate delivery of possession of the farm, less the dwelling house thereon, it stated no time when possession of such dwelling house would be delivered. Therefore, the writing failed definitely to state the character of sale to which the mind of the defendant owner would assent. The plaintiff had offered to the defendant a buyer for more than $9,000, who was ready and willing to pay $2,000 in cash, but desired credit for the balance. The defendant had refused to negotiate with him. There was in consequence no meeting of the minds between seller and buyer as to material terms of the proposed sale. We accordingly held that the plaintiff had failed to perform its contract by producing a buyer ready and willing to purchase on the defendant's terms, and that consequently no recovery could be had of the commissions agreed to be paid. We also held that as the defendant had denied to the plaintiff an opportunity to perform its contract the plaintiff had a remedy to recover the actual value of its services.

Upon the new trial now under review the plaintiff offered oral proof to piece out the written contract in respect to the terms of

sale not specified. An agent of the plaintiff, under objection, testified that at the time of the making of the contract the defendant stated that if a prospective purchaser would pay $1,500 in cash, assume the payment of a $5,000 mortgage upon the farm, and pay the balance in monthly installments of $75, the sale would be satisfactory. He also testified that the defendant said that he wanted possession of the dwelling house for a term of from one to three months. It is urged that this testimony supplements but does not vary the written contract and now supplies the proof as to the terms of the contract which before was wanting. The argument ignores that clause in the contract which provides that " no agreement or conditions exist other than those contained herein." The testimony was in direct contradiction to this clause, and was, therefore, inadmissible.

The plaintiff contends that the judgment may be upheld on the ground that according to the undisputed proof the actual value of its services was equal to the recovery which it has obtained. Witnesses for the plaintiff swore that the customary charge of real estate brokers for their work is ten per cent of the purchase price and that such was the value of this plaintiff's services. It appeared, however, that all such charges are based upon the contingency that a sale in compliance with the terms of the owner is made or tendered. In this case no sale was made and no purchaser produced to meet the terms of the seller. The plaintiff failed utterly to prove the actual value of its services performed. Indeed, its only proof was directed to the point that the commissions named in the express contract were usual and reasonable. For reasons expressed upon the former appeal there can be no recovery of such commissions.

It was evidently the wish of the plaintiff's counsel to wring a verdict from the jury regardless of consequences. He not only tried the case upon the same theory as previously to procure a result which we had condemned; he did his utmost to inflame the prejudices of the jury so that no verdict obtained could be approved. The plaintiff had introduced in evidence a letter from the defendant explaining why he did not wish to sell his farm. In this letter he had stated that his son was subject to the army draft; that if he did not work upon the farm the draft board would not exempt him; that if his son went to war it would about kill his mother. In commenting upon this letter to the jury the plaintiff's counsel said: " This letter, that tells the tale, and I don't wonder that counsel squirmed, and I don't wonder that he finds fault with the language I am going to employ. I want it taken down and I want it taken home to that DeForest home, and I want them to read it, and I want them to frame this letter there on the wall of

that home, and I want them to see that that is a picture; not of DeForest alone, but of his family." [ Counsel for the defendant objected and asked the court to direct the plaintiff's counsel to refrain from making such remarks. The trial justice declined to interfere. [Referring to the letter the plaintiff's counsel quoted therefrom as follows: " He is not a fit subject for the army on account of his health." He then said: " Did you see him? He may be a little yellow, but aside from that he looks husky." These remarks were calculated to arouse in the minds of the jury the most violent prejudices against the defendant and to cause them to forget that the issue involved was none other than the simple issue whether or not the defendant owed the plaintiff a sum of money. We think that the remarks thus made would of themselves have called for a reversal. The reasons for a reversal are, therefore, many and compelling.

The judgment and order should be reversed, with costs to the appellant, and a new trial granted.

All concur.

Judgment and order reversed and new trial granted, with costs to the appellant to abide the event.