——————— BROCHER and Others, Plaintiffs, *v.* ———————
OLCOTT and Others, Defendants.

City Court of New York, July 14, 1927.

**Brokers — real estate brokers — commissions — broker must show customer reached agreement with seller on all terms of sale — complaint in action for commission fails to show change made in contract by purchaser was agreed to by sellers — judgment on pleadings for defendants.**

In an action for commissions a real estate broker must establish that the customer procured by him reached an agreement with the seller upon all the terms of sale and the incidents of the transaction.

Accordingly, defendants, in this action by real estate brokers for their commissions, are entitled to judgment on the pleadings, where, while plaintiffs allege that their customer executed the contract of sale, they fail to allege that said contract, which was altered by the customer, embodied the terms agreed upon by the sellers and brokers; so long as there is a failure to show a meeting of the minds of the purchaser and the sellers as to the terms of sale, plaintiffs' commissions were not earned.

MOTION by defendants for judgment on the pleadings.

——— ———, for the plaintiffs.

——— ———, for the defendants.

RYAN, J. This is a motion by defendants for judgment on the pleadings. The action was brought by the plaintiffs to recover real estate brokerage commissions. The complaint alleges that the plaintiffs were employed by the defendants to procure a purchaser for the premises Nos. 56 and 58 West Seventy-first street, New York city, for the sum of $100,000. The bill of particulars states that the agreement of employment was oral, and the payment for such services was to be at the customary rates paid to real estate brokers. The plaintiffs procured a person who was willing to purchase said premises.

It is plain from the papers submitted on this motion that all the details of the terms of sale were not given to the plaintiffs at the time of the hiring. A contract was prepared on behalf of the sellers, which was executed by the prospective purchaser, who deleted the words " the seller or " and " seller or," signed the paper, and returned it to the defendants for signature, and they refused to sign the same. The deleted words seem to me to be of sufficient import as to constitute a substantial part of the terms of sale, in that they permitted the sellers themselves to warrant that no inheritance tax would be collected out of the property sold, in the event that the title company refused to make such a warranty. If the title company refused to make such warranty with those words deleted from the contract, the sale would not have taken place.

The courts have always favored a strict construction of brokerage contracts, and the plaintiffs must at least show that the customer procured by them has reached an agreement with the sellers upon all the terms of sale and the incidents of the transaction. (*Cohn* v. *Reich,* 106 Misc. 504; *Gallagher* v. *Dullea,* 199 App. Div. 119, and cases cited.) In the instant case it is plain that the brokers were not in possession of all of the terms of sale and incidents of the transaction at the time of the hiring, thus leaving some of the details to be determined between the parties at a later date. In such a case it is well settled that a broker's commissions are not earned until the minds of the purchaser and seller meet. (*Strout Farm Agency* v. *De Forest,* 192 App. Div. 790.) The case of *Bruce* v. *Hurlbut* (47 App. Div. 163) arose from a somewhat similar state of facts, and the brokerage commissions were denied the plaintiff, because interlineations and erasures were made in the contract by the purchaser who then signed it, the defendant refusing to sign the contract in its altered form. (See, also, *Arnold* v. *Schmeidler,* 144 App. Div. 420; *Whalen* v. *Burkhardt,* 129 Misc. 586.)

Considering the complaint in this action as amplified by the bill of particulars, there is a failure to show a meeting of the minds of the purchaser and the sellers as to the terms of sale. While the complaint alleges that the plaintiffs' customer signed the paper prepared by the sellers, the bill of particulars makes it clear that such instrument was altered by the customer, by deleting the words above quoted, and there is no allegation that the contract as changed embodied the terms agreed upon between the parties.

The motion for judgment on the pleadings in favor of the defendants should, therefore, be granted.