FORREST F. VERITY, Respondent, *v.* NATHAN L. OTTINGER and Another, as Executors, etc., of MARX OTTINGER, Deceased, and Others, Appellants.

First Department, March 30, 1928.

Brokers — real estate brokers — action to recover commissions on sale of property — plaintiff submitted offer for less than terms proposed which was accepted on condition that plaintiff agree to wait for commissions until deed was signed — vendor and purchaser honestly disagreed over arrangement for disposition of tax lien — plaintiff bound by agreement to wait for commissions — minds of parties never met and plaintiff is not entitled to commissions.

The plaintiff seeks to recover commissions on an alleged sale of real property for the defendants. The only terms given to him were the price and the amount of the down payment. Plaintiff submitted an offer at a lower price which was accepted upon condition that the plaintiff execute a contract that he would wait for his commissions until the deed was signed. The plaintiff executed the contract. Thereafter the vendor and the purchaser entered into direct negotiations but were unable to agree as to the disposition of a tax lien under the Federal Estate Tax Law and the sale was never consummated. The plaintiff is bound by the subsequent agreement to wait for commissions and since the deed was never signed he is not entitled to his commissions.

Furthermore, if the subsequent agreement be eliminated, still the minds of the defendants and the prospective purchaser did not meet on the terms of the contract. In order to recover the plaintiff was required to show not only that the parties agreed to the price but as to the terms of the sale and the evidence shows that they never agreed as to the terms of the sale.

APPEAL by the defendants from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 15th day of June, 1927, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District, in favor of plaintiff.

*Colley E. Williams* of counsel [*Kurzman & Frank*, attorneys], for the appellants.

*Abraham Rickman* of counsel [*Max Silverstein*, attorney], for the respondent.

PROSKAUER, J. Plaintiff was employed as a broker to sell No. 78-80 Laight street, New York, by the owners, Moses Ottinger and the executors of Marx Ottinger. The only term given him was the price of $45,000, of which thirty-five per cent was to be paid in cash and the balance by a purchase-money mortgage for a period to be agreed upon later. Plaintiff testified that on November 9, 1925, he submitted an offer of $42,500, thirty-five per cent

cash, balance on mortgage, to Mr. Ottinger, who said he would accept it. He added: " I have a contract that you will have to sign. * * * The difference is that you will have to wait until the deed is signed before you get your money." The contract thereupon signed by plaintiff provided that " no commission * * * shall be, or shall be deemed to be, due or earned, unless and until the deed in respect to said property shall be delivered and accepted." Thereafter prospective buyer and seller entered upon direct negotiations. Though carried on in complete good faith by the defendants, the negotiations failed by reason of the inability of the parties to agree upon a mutually satisfactory provision to cover the contingency of a tax lien under the Federal Estate Tax Law against the interest of the estate of Marx Ottinger in the property. The defendants' attorneys insisted that they had paid all the tax they thought was due, that the individuals in interest were men of wealth and that the purchaser should, therefore, be satisfied by the execution of an indemnity agreement by these individuals to save the purchaser harmless from any claim by the government of the United States. The buyer's attorneys insisted upon a deposit of cash. Though no contract was signed, plaintiff has had judgment in this action for his commissions.

We think the plaintiff was bound by the agreement which debarred him from claiming commissions unless title was closed. It is urged on his behalf that his promise was *nudum pactum* since he had earned his commissions at the time he executed the memorandum. The difficulty with this contention is that at the time of the contract of November ninth, he had not fully performed according to the terms of his original employment, which was to find a buyer for $45,000, sixty-five per cent of which was to be on mortgage for a period to be agreed upon. The offer actually submitted by him on November ninth was for $42,500, sixty-five per cent of which was to be on mortgage. To avoid the discrepancy between the $45,000 employment and the $42,500 offer, plaintiff testified that Mr. Ottinger said " he would accept it," but he also testifies· that with the same breath Mr. Ottinger made him sign the contract making his commissions dependent on the closing of title. Even if we were willing to believe that these were two separate transactions, the fact still remains that the terms of the mortgage were yet to be agreed upon. It still remained a condition precedent to his recovery of a commission that he should bring the minds of the parties together " not only in respect to the price but also in respect to the terms of the sale and all the incidents of the transaction which must be worked out and understood between them." (*Strout Farm Agency* v. *DeForest*, 192 App.

Div. 790.)   Up to that time there had been no agreement on the rate of interest of the mortgage, its duration, the character of the conveyance to be made, the date of closing title, the amount to be paid upon the contract, nor indeed upon any point other than the bare purchase price and the amount to be paid in cash.   His right to a commission was still inchoate and had not ripened into a definite claim.

Another fatal defect in the plaintiff's proof is that entirely apart from the modifying agreement, he never brought the minds of the parties together.   They disagreed upon a point which each deemed of importance, on which there was neither fraud, bad faith, capriciousness nor obstinacy.   The absence of these factors differentiates this case from the authorities relied on by the respondent and leaves him subject to the rule that he could not recover a commission until the parties had reached an agreement upon the terms of the proposed contract.   (*Van Vliet & Place, Inc.*, v. *Gaines*, 221 App. Div. 538; *Gallagher* v. *Dullea*, 199 id. 119; *Strout Farm Agency* v. *DeForest*, 192 id. 790.)

The determination appealed from and the judgment of the Municipal Court should be reversed, with costs to the appellants in this court and in the Appellate Term, and the complaint dismissed, with costs.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Determination of the Appellate Term and judgment of the Municipal Court reversed and complaint dismissed, with costs and disbursements to appellants in all courts.