■　THOMAS VAN RIPER et al., Respondents, v LOUISE AGABIAN, Appellant.—In an action to recover brokerage commissions, defendant appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated June 10, 1976, which affirmed a judgment of the District Court, Nassau County, First District, Mineola, entered May 22, 1975, in favor of plaintiffs, upon a jury verdict. Order affirmed, with costs. On this record we find there was adequate evidence to support the jury's finding that plaintiffs-respondents had produced a prospective financially responsible purchaser who was ready, able and willing to purchase defendant-appellant's home, and that all of the essential terms of the sale had been spelled out in a binder signed by the parties. Cohalan, J. P., Mollen and Rabin, JJ., concur; Suozzi, J., dissents and votes to reverse the order of the Appellate Term and the judgment of the District Court and to dismiss the complaint, with the following memorandum, in which Hawkins, J., concurs: I disagree with the majority's conclusion that the plaintiffs herein, who are real estate brokers, brought about an agreement between the buyer and seller as to a closing date, which is a material part of a contract for the sale of realty. The binder, dated January 31, 1973 and signed by the buyer and seller, provided for delivery of the deed "on or before June 1st, 1973". This language cannot be construed as making the time for closing of the essence. Indeed, such language is normally interpreted as affording each party an opportunity to request a reasonable adjournment of the closing date. When the parties met on March 14, 1973 to sign the contract, the defendant seller stressed her need for flexibility in a closing date and specifically asked for an extension of time, i.e., a few weeks or a month beyond June 29, 1973, the date fixed in the contract between

respective counsel. The purchaser, however, insisted on a fixed date for closing; the defendant refused to agree to that demand, and the contract was never signed. The purchaser's demand in this regard was inconsistent with the provision in the binder and clearly reflected the purchaser's intention to make the time of closing a matter of essence. Accordingly, under the facts herein, it is my view that the plaintiffs failed to establish that they had produced a buyer who had accepted the terms of the seller in respect to the time for the closing of title as provided for in the binder. Accordingly, the complaint should have been dismissed (see *House v Hornburg,* 267 App Div 557, affd 294 NY 750).