■  COUNTY OF ROCKLAND, Respondent, v EDWIN C. STOKES et al., Appellants, et al., Defendants.—In a condemnation proceeding, defendants Edwin C. Stokes and Eleanor K. Stokes appeal (by permission) from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated December 6, 1976, which affirmed a judgment of the County Court, Rockland County, entered May 18, 1972, insofar as it was appealed from (the judgment awarded plaintiff a credit of $5,848, plus interest, as against the condemnation award). Order affirmed, with costs. There was no need to revive the bankruptcy proceeding to procure the consent of the referee to the entry of the judgment of the County Court, which credited plaintiff, as against the condemnation award, with the downpayment it had made in connection with its precondemnation contract to purchase the property in question from appellants. Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.

■  LEONARD F. DAKIN, Respondent, v HENRY E. GROSSMAN et al., Appellants.—In an action to recover a brokerage commission, the defendants appeal from: (1) a judgment of the Supreme Court, Westchester County, entered February 18, 1976, which is in favor of the plaintiff-respondent and against them, after a nonjury trial; and (2) an order of the same court, dated February 11, 1976, which, *inter alia,* denied their motion for (a) reargument of a prior decision and (b) a new trial. Judgment reversed, on the facts, and complaint dismissed. Appeal from the order dismissed: (a) on the ground that no appeal lies from the denial of a motion for reargument of a decision; and (b) as academic in the light of the disposition of the appeal from the judgment. Plaintiff is awarded one bill of costs to cover both appeals. No meeting of the minds of the parties with respect to all the essential contract terms was ever reached and hence plaintiff is not entitled to a brokerage commission (see *Kaelin v Warner,* 27 NY2d 352; *Arnold v Schmeidler,* 144 App Div 420; *House v Hornburg,* 267 App Div 557). The trial court erroneously concluded that the owner had intended for this to be an all cash transaction and that he acted in bad faith in declining the sale. The record, however, supports a contrary finding. Accordingly, the agreement failed for want of an essential term, viz., the manner of payment. Martuscello, J. P., Cohalan, Damiani and Titone, JJ., concur.